UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Brieauna Gibson,**
   **Plaintiff**
**vs**
**Anthony Valvano, Amir Bethea, Kelly Burlian, Diana Torres, Lt. f/n/u Riado, Sgt. f/n/u Casavelli, Sco f/n/u Green a/k/a Baskerville, Sco f/n/u Perez, Sean St. Paul, Sarah Davis, Helen Keller and John Does 1 to 10, all individually and in their official capacities as New Jersey Department of Corrections officers and/or employees; and Marcus Hicks, Commissioner of the State of New Jersey Department of Corrections, in his official capacity, only**
   **Defendants**

**CASE NO: 2:21- cv - 03150**


**CIVIL ACTION**

_**AMENDED
COMPLAINT**_
*and*
*JURY DEMAND*

Plaintiff, complaining of Defendants, says:

## PARTIES

1. Plaintiff is a resident of the City of Newark, in the County of Essex.

2. On information and belief, all Defendants are residents of the State of New Jersey and have an official address in the County of Hunterdon, except for Defendant Marcus Hicks who, as Commissioner of the New Jersey Department of Corrections has an official address in the County of Mercer.

## JURISDICTION and VENUE

3. This Court has jurisdiction pursuant to 28 USC 1331 as the claims arise under a federal statute, to wit, 42 USC 1983. This Court also has concurrent jurisdiction over pendent state law claims pursuant to 28 USC 1367.

4. Venue is proper in Newark vicinage because Plaintiff resides there.

## FACTUAL ALLEGATIONS

5.      On or about July 1, 2015, Plaintiff was lawfully confined in Edna Mahan Correctional Facility for Women ("EMCF"), a prison operated by the New Jersey Department of Corrections ("DoC"), to serve a five (5) year sentence.

6.      Defendants Anthony Valvano, Amir Bethea, Kelly Burlian, Diana Torres, Lt. Riado, Sgt. Casavelli, Sco Green a/k/a Baskerville, Sco Perez **a**nd John Does 1 to 6 are, or were, Corrections Officers on the staff of the EMCF. Defendants Sarah Davis is the Administrator [warden] of EMCF, and Sean St. Paul and Helen Keller are Assistant Administrators.

7.      NJ DoC has  specifically delegated the power to its corrections officers to supervise and control the day-to-day living environment of the EMCF inmates.  As Correction Officers Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Perez  and John Does 1 to 6 had the physical and legal power to control Plaintiff and her movements during her period of incarceration, subject to the limits of the United States and New Jersey Constitutions.

 8.      Defendants St. Paul, Keller and Davis, and John Does 7 to 10, are or were senior administrators at EMCF, with supervisory authority over the other individual Defendants.

9.      There is a long and well-documented history of widespread abuse of the inmates at EMCF which shows that NJ DoC, acting through its executive and supervisory officials and employees, including Defendants Davis, St.Paul, Keller Hicks, and John Does 7 to 10 tacitly ratified or approved of these abusive acts and practices, showed willful indifference to them, allowed the abusive officers to operate freely, with impunity, and were reckless in employing and continuing to employ such unfit employees and agents.

10.      On or about July 20, 2017, Plaintiff was confined to Administrative Segregation, a euphemism for solitary confinement, commonly referred to by the inmates as "ASA".

11.     While in ASA, Plaintiff was confined to a cell about 7+' wide by 9'+ long, only illuminated by a window slit several inches wide and a dim light.  The doorway was sealed with a solid metal door, containing a small portal through which food could be passed and through which also Plaintiff would be required to extend her hands and wrists for cuffing if she was going to be taken somewhere.  She was allowed out for just one (1) hour per day; the remainder of each day, every day, for nearly three years, she was kept in this cell with no human contact other than one hour out in the "yard". The lighting was so dim in Plaintiff's cell  that when plaintiff was allowed outside in the yard plaintiff's eyes would be sore and burn from pain. As result of such lengthy solitary confinement Plaintiff's eyesight had deteriorated.

12.     Plaintiff remained in ASA continuously from on or about July 20, 2017 until she was released, having completed her full sentence, on July 3, 2020.

13.     There was no legitimate disciplinary reason for Plaintiff's prolonged and near-continuous confinement in ASA.

14.     Plaintiff's continuous confinement in ASA, for nearly three (3) years, was contrary to NJAC 10A:4 and NJAC 10A:5.

15.     While incarcerated at EMCF, Plaintiff was subjected to physical, verbal, and psychological abuse on a regular and constant basis.

16.     Plaintiff used the prison grievance procedure available in New Jersey prisons under under NJAC 10A:4-11 and NJAC 10A:7, some twenty times, to attempt to secure relief from the physical, verbal and psychological abuse.  Plaintiff's grievances were either denied or never acknowledged.

17.     At times, representatives from NJ DoC visited Plaintiff's unit at EMCF, as though inspecting and/or investigating; but they would avoid all interaction with the inmates, and would not speak with them or make eye contact with them.

18.     Throughout and during her five years of incarceration at the ECFW Plaintiff has also witnessed the severe and pervasive abuse of others by the Defendant Corrections Officers and other Corrections Officers.  Being physically present in a corrections facility with such rampant abuse and a dehumanizing culture of harassment, abuse,  violence and retaliation has had a harmful and deleterious effect on Plaintiff.

19.     Being confined in an institution in which physical, verbal, emotional and psychological abuse is directed at one, and at the other vulnerable people around one, on a regular and constant basis is , in itself, cruel and unusual punishment.

20.     As a result of her prolonged confinement in ASA, Plaintiff suffered and continues to suffer severe and debilitating emotional distress and mental illness and physical ailments.

21.     On at least three different occasions, including on or about November 5, 2019, Plaintiff was physically assaulted by the individual Defendants Bethea, Burlian, Torres, Casavelli, Green a/k/a Baskerville, Perez **a**nd John Doe 1 to 6, or some of them, without cause, provocation or justification.  Each of these assaults caused Plaintiff severe and painful personal injuries and emotional distress..

22.     Defendants  Bethea, Burlian, Torres, Casavelli, Green a/k/a Baskerville, Perez  **a**nd John Does 1 to 6 or some of them, used excessive force against Plaintiff by physically assaulting her when she was not violating any prison rule and was not actively disruptive. Defendant Bethea, Burlian, Torres, Casavelli, Green a/k/a Baskerville, Perez **a**nd John Does 1 to 6's  actions in this regard violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and Article I, § 12 of the New Jersey Constitution and caused her pain, suffering, physical and mental injury and emotional distress.

23.     An assault which was inflicted on Plaintiff on or about November 5, 2019  was especially violent and egregious, and lead to Plaintiff suffering severe, permanent and painful injuries,  which  then  required  and  still  require  extensive  medical  treatment  and

hospitalization.  During this assault, Defendant Casavelli violently struck her on her back with his baton, and Defendant Perez struck her repeatedly with his shield.  Plaintiff was withheld medical treatment from a hospital for over a month, and was not taken for check ups afterwards. In addition instead of going to a local hospital a few minutes away , plaintiff was taken to a hospital in Trenton to be treated. The delay in treatment caused permanent nerve damage to her back  and injury and permanent psychological harm.

24.     On another, prior occasion, when Plaintiff was being extracted from her cell in the aftermath of a false accusation of having thrown urine at Defendant Berlin, Defendant Torres punched her twice in the back of the head while she was lying, face down, on the floor of her cell as she had been directed; and Defendant Bethel viciously and aggressively twisted her arm. Plaintiff was refused medical care, and was in extreme pain.

25.     On a third occasion, in early 2020, Defendant Green a/k/a Baskerville pulled Plaintiff's arms though her portal, and struck her hands repeatedly with a bunch of keys, when Plaintiff was complaining about her food being over two (2) hours late. Shortly thereafter, Nurse Julie verified that Plaintiff's arms and hands were badly bruised.

26.     Defendants Bethel,  Berlin, Torres, Casavelli, Green a/k/a Baskerville, Perez **a**nd John Does 1 to 6s ' use of excessive force against Plaintiff by physically assaulting her when she was not violating any prison rule and was not actively disruptive, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and Article I, § 12 of the New Jersey Constitution and caused her permanent  pain, suffering, physical and mental injury and emotional distress.

27.     Defendants Valvano, Riado, Casavelli **a**nd John Does 1 to  6  knowledge of other Defendants use of excessive force against Plaintiff by physically assaulting her when she was not violating any prison rule and was not actively disruptive, and failing to correct that misconduct, and/or acquiescing in the continuation of that conduct, violated Plaintiff's rights

under the Eighth Amendment to the United States Constitution and Article I, § 12 of the New Jersey Constitution and caused her pain, suffering, physical and mental injury and emotional distress.

28.    By having actual and/or constructive knowledge of the actions and/or inaction of Defendants Valvano, Bethel , Berlin, Torres, Costively, Green a/k/a Baskerville, Perez , Riado, Cassavelli **a**nd John Does 1 to 6 and failing to correct that misconduct, and/or acquiescing in the continuation of that conduct, Defendants St. Paul, Keller, Davis, Hicks and John Does 7 to 10 violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and Article I, § 12 of the New Jersey Constitution and caused her pain, suffering, physical and mental injury and emotional distress.

29.    The other conditions under which Plaintiff was confined in ASA were also cruel and unusual, and inhumane.  Inter alia, Defendants would often withhold her food, and that of the other inmates, as retaliation for real or imagined verbal insults and/or minor misconduct by a single inmate; they were routinely exposed to the spraying of pesticides in and around their cells without notice or protection; in summer, the heat was so extreme that Plaintiff and her fellow inmates were forced to spend all of their time in their underwear and bras, which was humiliating, and Scos would ogle them through their portals; Plaintiff witnessed female inmates who the Scos knew did not get along and were forced to lodge in the same cell only to have vicious fights, which the Scos would watch for sport; she was not allowed to attend church services on Sunday, as required by her religious beliefs, but rather was offered a short visit to the chapel on Tuesdays; she was kept in ASA even after she was determined to be suicidal, and was not followed up for any further mental health evaluations. During the Covid -19 pandemic Plaintiff and other inmates were refused "PPE"  or any hand sanitizer; and at least one inmate died of Covid-19 before Plaintiff's release in July 2020.

30.    These conditions, and the treatment which she received at the hands of Defendants,

have left Plaintiff with severe, permanent mental and personal injuries.

## FIRST COUNT

### (Conspiracy to deprive Plaintiff of due process, 42 USC 1985)

31.     The individual Defendants, or some of them, except for Defendant Hicks, conspired among themselves to violate Plaintiff's rights to procedural and substantive due process by imposing physical, retaliatory, painful punishment on her for real and/or fabricated misdeeds and insults.

32.     Such conspiracy was contrary to 42 USC 1985.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to 42 USC 1985 against all Defendants and John Does 1 to 10, except Hicks, jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

## SECOND COUNT

### (Denial of due process, 42 USC 1983)

33.     Defendants Davis, St. Paul, Hicks, Keller and John Does 7 to 10 or some of them, failed to respond to and/or investigate Plaintiff's many grievances, as required by NJAC 10A; failed to conduct hearings on her grievances as required by NJAC 10A ; and failed to give her an opportunity to be heard.

34.     In so doing, Defendants Davis, St. Paul, Keller, Hicks and John Does 7 to 10 and/ or some of  them violated her right to procedural due process arising under the Vth and  XIVth Amendment to the United States Constitution.

35.     In violating Plaintiff's right to due process, Defendants Davis, St. Paul, Keller,  Hicks and John Does 7 to 10  acted under color of state law, contrary to 42 USC 1983.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to 42 USC  1983 against the Defendants Davis, St. Paul, Hicks, Keller and John Does 7 to 10 , jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs

of suit.

## THIRD COUNT
### (Denial of due process, NJSA 10:6-1)

36.    Defendants Davis, St. Paul, Hicks, Keller  and John Does 7 to 10 , or some of them,

failed to respond to and/or investigate Plaintiff's many grievances, as required by NJAC 10A;

failed to conduct hearings on her grievances as required by NJAC 10A; and failed to give her

an opportunity to be heard.

37.    In so doing, Defendants Davis, St. Paul, Hicks and John Does 7 to 10 or some of

them violated her right to procedural due process arising under the Vth and XIVth

Amendments to the United States Constitution.

38.    In violating Plaintiff's right to due process, Defendants Davis, St. Paul, Hicks and

John Does 7 to 10 acted under color of state law, contrary to NJSA 10:6-1.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to NJSA 10:6-1

et seq  against the Defendants Davis, St. Paul, Hicks, Keller  and John Does 7 to 10, jointly

and severally, for injunctive relief, restoring his criminal record to what it should be;

compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

## FOURTH COUNT

### (Violation of Eighth Amendment rights, 42 USC 1983)

39**.**    In physically assaulting Plaintiff on at least three different occasions, including on or

about November 5, 2020, without cause, provocation or justification Defendants  Valvano,

Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville **a**nd John Does 1 to 6

violated her right to  be free of cruel and unusual punishment  arising under the Eighth

Amendment to the United States Constitution.

40.    In violating Plaintiff's right to be free of cruel and unusual punishment, Defendants

Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville **a**nd John Does

1 to 6  acted under color of state law, contrary to 42 USC 1983

WHEREFORE, Plaintiff demands judgment on this Count pursuant to 42 USC 1983 against the Defendants   Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville , **a**nd John Does 1 to 6, jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

### FIFTH COUNT
### (Violation of Article I, § 12 rights, NJSA 10:6-1)

41.    In physically assaulting Plaintiff on at least three different occasions, including on or about November 5, 2020, without cause, provocation or justification Defendants  Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville  **a**nd John Does 1 to 6 violated her right to to  be free of cruel and unusual punishment  arising under Article I, § 12 of the New Jersey Constitution.

42.    In violating Plaintiff's right to be free of cruel and unusual punishment, Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville **a**nd John Does 1 to 6  acted under color of state law, contrary to NJSA 10:6-1.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to NJSA 10:6-1 et seq  against the Defendants  Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville **a**nd John Does 1 to 6 jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

### SIXTH COUNT
### (Violation of First Amendment rights, 42 USC 1983)

43**.**    Plaintiff's right to petition the government for the redress of grievances, arising under the First Amendment to the United States Constitution**,** was not terminated or suspended by her incarceration.

44.    The actions of the Defendants   Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville **a**nd John Does 1 to 6 as aforesaid in assaulting Plaintiff, and/or

acquiescing in her assault, were retaliatory for her submitting grievances to the prison administration. Said actions were a violation of her rights under the First Amendment to the United States Constitution.

45.    In violating Plaintiff's First Amendment right to petition for redress of grievances, Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville **and** John Does 1 to 6 acted under color of state law, contrary to 42 USC 1983.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to 42 USC 1983 against the Defendants Valvano, Bethea, **a**nd John Does 1 to 6, jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

## SEVENTH COUNT
### (Violation of Article I, § 18 rights, NJSA 10:6-1)

46.    Plaintiff's right to petition the government for the redress of grievances, arising under Article I, § 18 of the New Jersey Constitution**,** was not terminated or suspended by her incarceration.

47.    The actions of the Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville **a**nd John Does 1 to 6 as aforesaid in assaulting Plaintiff, and/or acquiescing in her assault, were retaliatory for her submitting grievances to the prison administration. Said actions were a violation of her rights under Article I, § 18 of the New Jersey Constitution .

48.    In violating Plaintiff's right to petition the government for redress of her grievances, Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis, St. Paul **a**nd John Does 1 to 10 acted under color of state law, contrary to NJSA 10:6-1.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to NJSA 10:6-1 et seq  against the Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis, St. Paul  **a**nd John Does 1 to 10, jointly and severally, for

compensatory damages, punitive damages, reasonable counsel fees and costs of suit.


## EIGHTH COUNT
### (Violation of VIIIth  Amendment rights, 42 USC 1983)

49.     By denying Plaintiff prompt and appropriate medical care while she was

incarcerated between November 5 , 2019 and December xx 2019,  and without probable

cause, Defendants   Valvano, Bethea,   Burlian, Torres, Riado, Casavelli, Green a/k/a

Baskerville, Keller, Davis, St. Paul  **a**nd John Does 1 to 10 violated her right to  be free of

cruel and unusual punishment  arising under the Eighth Amendment to the United States

Constitution.

50.     In violating Plaintiff's right to be free of cruel and unusual punishment, Defendants

Valvano, Bethea,,  Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis,

St. Paul  **a**nd John Does 1 to 10 acted under color of state law, contrary to 42 USC 1983.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to 42 USC 1983

against the Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a

Baskerville, Keller, Davis, St. Paul  **a**nd John Does 1 to 10, jointly and severally, for

compensatory damages, punitive damages, reasonable counsel fees and costs of suit.


## NINTH COUNT
### (Violation of Article I, § 12 rights,  NJSA 10:6-1)

51.     By denying Plaintiff prompt and appropriate medical care while she was

incarcerated between November 5, 2019 and December xx 2019,  and without probable

cause, Defendants Valvano, Bethea,,  Burlian, Torres, Riado, Casavelli, Green a/k/a

Baskerville, Keller, Davis, St. Paul **a**nd John Does 1 to 10 violated her right to  be free of

cruel and unusual punishment  arising under Article I, § 12 of the New Jersey Constitution.

52.     In violating Plaintiff's right to be free of cruel and unusual punishment, Defendants

Valvano, Bethea,  Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis,

St. Paul **a**nd John Does 1 to 10 acted under color of state law, contrary to NJSA 10:6-1.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to NJSA 10:6-1 et seq against Defendants Valvano, Bethea, , Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis, St. Paul **a**nd John Does 1 to 10, jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

## TENTH COUNT
## (Violation of First Amendment rights, 42 USC 1983)

53.    Plaintiff was regularly prohibited from attending church services on Sundays, and was instead offered a very brief visit to the chapel on Tuesdays, violating her right to freely exercise her religion arising under the First Amendment to the  to the United States Constitution.

54.    In violating Plaintiff's right to freely exercise her religion, , Defendants Valvano, Bethea,, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis, St. Paul **a**nd John Does 1 to 10 acted under color of state law, contrary to 42 USC 1983.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to 42 USC 1983 against the Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis, St. Paul **a**nd John Does 1 to 10, jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

## ELEVENTH COUNT
## (Violation of Article I, § 3 rights, NJSA 10:6-1)

55.    Plaintiff was regularly prohibited from attending church services on Sundays, and was instead offered a very brief visit to the chapel on Tuesdays, violating her right to freely exercise her religion arising under Article I, § 3 of the New Jersey Constitution.

56.    In violating Plaintiff's right to freely exercise her religion, , Defendants Valvano, Bethea,, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis, St. Paul

**a**nd John Does 1 to 10 acted under color of state law, contrary to NJSA 10:6-1.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to NJSA 10:6-1 against the Defendants Valvano, Bethea, Burlian, Torres, Riado, Casavelli, Green a/k/a Baskerville, Keller, Davis, St. Paul **a**nd John Does 1 to 10, jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

## TWELFTH  COUNT
### (Supervisory liability)

57.     The actions of any and all individual Defendants as alleged in the First through Ninth Third Counts is attributable to Defendants Hicks, Davis, Keller, St. Paul and John Does 7 to 10, as the case may be, under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to NJSA 10:6-1, et seq and/or 42 USC 1983  against the Defendants Hicks, Davis, Keller, St. Paul and John Does 7 to 10, as the case may be, jointly and severally, for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.


Dated: February 22, 2021                                    /s/      Lydia B. Cotz 7098


## JURY DEMAND

Plaintiff demands trial by jury.

Dated: February 22, 2021                                    /s/      Lydia B. Cotz 7098