UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIEAUNA GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY VALVANO, et al.,<br>Defendants. | Civil Action No. 21-3150(MAS)(TJB)<br><br>**CIVIL ACTION**<br><br>Motion Date: August 16, 2021<br><br>ORAL ARGUMENT REQUESTED |

**BRIEF IN SUPPORT OF DEFENDANT ANTHONY VALVANO'S MOTION TO STAY**

McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1300 Mount Kemble Avenue, P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant Anthony Valvano

John J. Peirano, Esq.
    Of Counsel and on the Brief

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

BACKGROUND ....................................................................................................1

LEGAL ARGUMENT ............................................................................................4

    I. THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING ..................................................................................4

        A. The Applicable Standard ..................................................................4

        B. The *Walsh* Factors Support Entry of a Stay Pending Resolution of the Criminal Case ...........................................................6

            1. There is a Substantial Overlap Between the Issues in the Civil and Criminal Case ..................................................................6

            2. The Status of the Criminal Case Supports Entry of a Stay ...........7

            3. The Risk of Harm to Valvano Outweighs any Potential Prejudice to Plaintiff .......................................................8

            4. The Private Interests of and Burden on Valvano Warrant a Stay ................................................................................9

            5. The Interests of the Court Support Entry of a Stay ....................10

            6. The Public Interest is Not Harmed by Entry of a Stay ...............11

CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Cases** ............................................................................................................ **Page(s)**

Baxter v. Palmigiano,
   425 U.S. 308 (1976)...........................................................................................9

Bechtel Corp. v. Laborers' International Union,
   544 F.2d 1207 (3d. Cir.1976).............................................................................4

Colombo v. Bd. of Educ. for the Clifton Sch. Dist.,
   2011 WL 5416058 (D.N.J. Nov. 4, 2011)...................................................10, 11

Javier H. v. Garcia–Botello,
   218 F.R.D. 72 (W.D.N.Y.2003) ......................................................................11

Kansas City Southern Ry. Co. v. U.S.,
   282 U.S. 760, 51 S.Ct. 304, 75 L.Ed. 684 (1931) .............................................4

Landis v. North American Co.,
   299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) .............................................4

LM Ins. Corp. v. FAV Transp., L.L.C.,
   2015 WL 4915677 (D.N.J. Aug. 18, 2015).......................................................9

Peterson v. Matlock,
   2011 WL 541571 (D.N.J Nov. 7, 2011).............................................................6

Richardson v. New Jersey,
   2016 WL5858983 (D.N.J. Oct. 5, 2016)..................................................8, 9, 10

Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.,
   886 F.Supp. 1134 (S.D.N.Y. 1995) ...............................................................5, 6

Tucker v. New York Police Dept.,
    2010 WL 703189 (D.N.J. Feb. 23, 2010) ................................................................ 8

United States v. Kordel,
    397 U.S. 1 (1970) ................................................................................................... 4

Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,
    7 F.Supp.2d 523 (D.N.J.1998) ....................................................................... *passim*

**Other Authorities**

Milton Pollack, Parallel Civil and Criminal Proceedings,
    129 F.R.D. 201(1989) ............................................................................................. 6

## BACKGROUND[1]

Defendant Anthony Valvano ("Valvano") is moving to stay all proceedings against him in this case pending resolution of overlapping criminal charges filed against him by the New Jersey Attorney General's Office.

Plaintiff Brieaunna Gibson ("Plaintiff") began serving a sentence at the Edna Mahan Correctional Facility for Women ("EMCF") on or about July 1, 2015. (Amended Compl., ¶5). Plaintiff was released from the EMCF on July 3, 2020. (*Id.*, ¶ 12). Plaintiff alleges that Valvano was a corrections officer on the staff at EMCF during the period of her incarceration. (*Id.*, ¶5).

Plaintiff filed the complaint in this action on February 22, 2021, filed an amended complaint on February 24, 2021, and filed a second amended complaint on July 5, 2021. (ECF No. 20, "Compl."). Plaintiff named Valvano, other corrections officers employed at the EMCF, and EMCF administrators as defendants in their individual and official capacities, and also named Marcus Hicks, Commissioner of the State of New Jersey Department of Corrections, as a

---

[1] This background summary is based on allegations in the civil complaint filed by Plaintiff, and the criminal complaint filed by the New Jersey Attorney General's Office. Valvano disputes many of the allegations in both complaints. This summary does not constitute an admission by Valvano of any of the facts represented herein. This Motion to Stay is filed without waiver of any defense that Valvano may have to Plaintiff's claims or without waiving any rights or privileges that Valvano may have with regard to ongoing criminal proceedings. In making this motion, Valvano does not waive, but instead expressly reserves, his rights under the Fifth Amendment to the United States Constitution.

1

defendant in his official capacity only. As to Valvano, Plaintiff alleges generally that Valvano had knowledge of the use of excessive force against her by co-defendants over whom Valvano had supervisory authority while she was imprisoned at ECMF, and failed to correct and/or acquiesced in the conduct in violation of Plaintiff's rights under the Eighth Amendment to the United States Constitution and Article I, §12 of the New Jersey Constitution. Plaintiff alleges that she was physically assaulted on at least three separate occasions during her confinement at EMCF, including a physical assault which allegedly occurred on November 5, 2019 (Compl. ¶ 21 – 23), an assault that allegedly occurred when Plaintiff was being extracted from her cell (*Id.*, ¶24), and a third instance in early 2020 (Id., ¶25). Plaintiff does not allege that Valvano participated in these assaults. Rather, she alleges that Valvano had notice of the alleged assaults, but took no action in response. (*Id.*, ¶ 27 – 28). Plaintiff asserts claims for, among other things, damages pursuant to 42 U.S.C. §1983.

On or about February 4, 2021, the New Jersey Attorney General's Office ("NJAG") filed a criminal complaint against Valvano, alleging violations of N.J.S.A. 2C:30-2B, and N.J.S.A. 2C:28-7A(2), stemming from cell extractions conducted at the EMCF by New Jersey Department of Corrections officers, including Valvano, on January 11 and 12, 2021. The matter is pending in the Superior Court of New Jersey, Criminal Division, Docket No. HNT-21-000046.

The NJAG alleges that Valvano: 1) filed an incident report in connection with the forced cell extractions knowing that the report contained false information; 2) violated Department of Corrections policies and procedures for forced cell extractions; and 3) refrained from preventing and failed to report assaultive conduct by other Department of Corrections officers that were committed in his presence. A copy of the complaint filed by the NJAG is attached to the certification of John J. Peirano ("Peirano Cert.") as Exhibit "A". The charges filed by the NJAG against Valvano are pending presentation to a grand jury. The NJAG has also filed a criminal complaint against co-defendant Amir Bethea. *Id.*, Ex. "B".

The allegations against Valvano in both the civil and criminal complaints are substantially similar. It is well settled that this Court has the discretion to stay a civil case pending the resolution of a parallel criminal case. Here, a stay is necessary to prevent prejudice to Valvano caused by having to litigate the civil and criminal cases at the same time. A stay will prevent Valvano from risking a waiver of his Fifth Amendment right against self-incrimination. Valvano's interest in preventing this prejudice outweighs any minimal interest that Plaintiff may have in immediately prosecuting her civil complaint. Accordingly, under well-established precedent, Valvano is entitled to a stay of this case.

In the alternative, and in the event Valvano's motion to stay this case is denied, Valvano seeks entry of an order extending the time for him to answer,

move or otherwise respond to the Second Amended Complaint for a period of fourteen (14) days from the entry of any order denying a stay.

## LEGAL ARGUMENT

### I. THIS CASE MUST BE STAYED PENDING RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING.

#### A. The Applicable Standard

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (citing *Kansas City Southern Ry. Co. v. U.S.*, 282 U.S. 760, 763, 51 S.Ct. 304, 75 L.Ed. 684 (1931)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d. Cir.1976). Trial courts have long had the discretion to manage their dockets and stay proceedings when circumstances require it. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (noting that courts "have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action").

4

"A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 526 (D.N.J.1998). In deciding whether to stay a civil case pending the resolution of a criminal case in this district, the factors to be considered include "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest." *Walsh*, 7 F.Supp.2d at 527.

Courts stay civil cases when parallel criminal proceedings exist "because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, . . . expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995)(cited with approval in *Walsh*).

As shown below, application of the *Walsh* factors favors a stay of the proceedings in this case.

### B. The *Walsh* Factors Support Entry of a Stay Pending Resolution of the Criminal Case

#### 1. There is Substantial Overlap Between the Issues in the Civil and Criminal Cases

The similarity of issues between the criminal and civil cases is the most important factor in deciding whether to stay the civil proceeding. *Walsh*, 7 F. Supp.2d at 527 (citing and quoting Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203(1989)). However, perfect symmetry between the criminal and civil proceedings is not required. *See, Peterson v. Matlock*, 2011 WL 541571, *2 (D.N.J Nov. 7, 2011)(granting stay despite lack of complete overlap in the issues). Rather, greater overlap between the issues strengthens the case for a stay because self-incrimination is more likely if there is a significant overlap. *Trustees*, 886 F.Supp. at 1139.

There is a significant overlap between the issues in the criminal case and this civil case. The wrongful conduct alleged in both complaints is substantially the same: as to Valvano, both cases allege that Valvano, in his supervisory capacity, had knowledge of the use of excessive force against inmates at EMCF, including Plaintiff, in part in connection with the use of excessive force in cell extrications, and failed to correct and/or acquiesced in that conduct. Given the overlap, there will obviously be common witnesses in both cases, including but not limited to the EMCF administrators and corrections officers who are also co-defendants in this

6

case. Since criminal charges have also been filed against Amir Bethea, one of co-defendants in the civil case, Mr. Bethea will likely have the same concerns regarding his own Fifth Amendment rights if the matter is not stayed.

The considerable overlap between this case and the criminal case weighs in favor of granting a stay.

### 2. The Status of the Criminal Case Supports Entry of a Stay

As noted in *Walsh*, while the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned, due to the potential for self-incrimination, it is also possible to obtain a stay, even though an indictment has not been returned, if the Government is conducting an active parallel criminal investigation. *Walsh*, 7. F.Supp at 527. In *Walsh*, the court stayed the civil case, noting that the action presented a "strong case" for a stay, even though no indictments had been handed down, because the Government had executed search warrants, had issued subpoenas to several defendants, and informed several defendants that they were targets of the criminal investigation. *Id.* This case presents an even stronger case for a stay than was in *Walsh*. Here, even though Valvano has not been indicted, criminal charges have been filed against him and at least one other co-defendant. There can be no doubt that the government is pursuing an overlapping, parallel criminal investigation. At this point, the possible harm of self-incrimination is greatest, and there is nothing

7

speculative about whether Valvano will exercise his Fifth Amendment privilege against self-incrimination. The status of the criminal case weighs in favor of granting a stay.

### 3. The Risk of Harm to Valvano Outweighs any Potential Prejudice to Plaintiff

Under the third *Walsh* factor, the court must weigh the Plaintiff's interest in proceeding expeditiously against the prejudice caused by a delay. *Walsh*, 7 F.Supp. at 528. The mere fact that additional time will pass does not establish prejudice to a plaintiff. To show prejudice, a plaintiff has to demonstrate a unique injury, such as the dissipation of assets or a defendant's attempt to gain an unfair tactical advantage from the stay. *Tucker v. New York Police Dept.*, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010). Neither of those is present here. The *Walsh* court was unpersuaded by concerns that the delay inherent in a stay of the civil action would cause memories to fade and assets to dissipate. The *Walsh* court recognized that "delays in civil cases are fairly common", and also recognized that plaintiffs are protected from any monetary harm caused by the delay by their ability to obtain interest as part of any judgment in the civil action. *Walsh*, 7. F.Supp.2d at 528. As for any potential concern regarding fading memories and lost evidence, relevant evidence will be sifted and preserved in the parallel criminal proceeding. *Richardson v. New Jersey*, 2016 WL5858983 at *2 (D.N.J. Oct. 5, 2016). As in *Richardson*, Plaintiff's claims here are for retrospective relief, i.e.,

8

damages; they will keep, and the filing in this case will be sufficient to stop the running of the statute of limitations. *Id.*

This civil case is in its very early stages. To date, none of the defendants have answered or otherwise responded to the complaint, and no discovery requests have been served. Accordingly, it does not appear that plaintiff will suffer any undue prejudice by a delay in the civil proceedings. *See, LM Ins. Corp. v. FAV Transp., L.L.C.*, 2015 WL 4915677 at *2 (D.N.J. Aug. 18, 2015). Any hypothetical risk of loss of evidence or dissipation of assets due to the passage of time is minimal, and is not enough to outweigh Valvano's interest in protecting his constitutional right against self-incrimination, or the burden on Valvano of having to simultaneously defend the state criminal action and this civil action.

### 4. The Private Interests of and Burden on Valvano Warrant a Stay

The burden on Valvano if this case not be stayed is significant – he will be forced to choose between "waiving his Fifth Amendment rights by defending himself in the civil lawsuit and asserting the privilege and possibly losing the civil case." *Walsh*, 7. F.Supp.2d at 528. While the Supreme Court has held that it is not unconstitutional to force a defendant into this choice, *see Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976), a court may nevertheless exercise its discretion to stay the civil case in the interests of justice. *Walsh*, 7 F.Supp.2d. at 528 (internal citation omitted).

9

As noted in *Richardson,* Valvano and the co-defendants in this case:

> should have the fullest access to evidence, and that evidence will be developed (and turned over in discovery) in the state [criminal] proceeding. The court on the front line of policing the constitutionality of the gathering and presentation of that evidence is the state court in which the criminal proceeding is pending. Federal court litigation has a great potential for disrupting the state case. Prosecutors and police officers, like defendants here, must of course be held accountable for alleged constitutional violations. Nonetheless, the vigorous enforcement of the criminal law would be undermined if, *while* prosecuting a criminal case, they are watching their backs with an eye to the defense of civil damages claims.

*Richardson,* 2016 WL5858983 at *2.

### 5. The Interests of the Court Support Entry of a Stay

While the court has an interest in judicial efficiency in managing its case load, the court also has an interest in resolving individual cases efficiently. *Walsh,* 7 F.Supp.2d at 528. Judicial economy will be promoted by granting a stay of the civil case because the investigation in the criminal case could clarify and define issues in the civil case. *Columbo v. Bd. Of Educ. For the Clifton Sch. Dist.,* 2011 WL 5416058, at *6 (D.N.J. Nov. 4, 2011). On the other hand, in the absence of a stay, interrogatory and deposition discovery will be inefficient because the magistrate and district court judges will be faced with deciding a constant stream of privilege issues. *Walsh,* 7 F. Supp.2d at 528. Those same concerns are present here, and warrant imposition of a stay.

### 6. The Public Interest Is Not Harmed by Entry of a Stay

Finally, the court must consider whether there is any significant public interest tied to granting a stay. The *Walsh* court cited instances where the public interests support denying a stay, including cases brought by a government agency to protect the public by halting the distribution of mislabeled drugs, or the dissemination of misleading information to an investing public. *Walsh*, 7 F.Supp.2d at 529. None of those factors are present here. This is a private civil action in which Plaintiff is seeking monetary damages.

A stay of the civil case is in the public interest, because the public interest is promoted by allowing a complete, unimpeded investigation into alleged criminal activity. *Id.* *See also Colombo*, 2011 WL 5416058, at *6 . Furthermore, "the public's interest in the integrity of the criminal case is entitled to precedence of the civil litigant." *Javier H. v. Garcia–Botello*, 218 F.R.D. 72, 74 (W.D.N.Y.2003).

11

## CONCLUSION

All of the *Walsh* factors support entry of a stay of this civil case. For all of the foregoing reasons, the Court should enter an order staying all proceedings in this case until the criminal case against Valvano is resolved. In the event that this motion is denied, Valvano respectfully requests that the time for him to answer, move or otherwise respond to the Amended Complaint be extended by a period of fourteen (14) days for the entry of the order denying a stay.

                Respectfully submitted,

                McELROY, DEUTSCH, MULVANEY &
                CARPENTER, LLP
                Attorneys for Defendants

                By: /s/ *John J. Peirano*
                    John J. Peirano

Dated: July 16, 2021