UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Brieauna Gibson,**
        **Plaintiff**
**vs**
**Anthony Valvano, Amir Bethea, Kelly Burlian, Diana Torres, Joseph Riotto, Francis Cascarelli, Sco f/n/u Green a/k/a Baskerville, Kevin Perez, Sean St. Paul, Sarah Davis, Robin Keller and John Does 1 to 10, all individually and in their official capacities as New Jersey Department of Corrections officers and/or employees; and Marcus Hicks, Commissioner of the State of New Jersey Department of Corrections, in his official capacity, only**
        **Defendants**

**CASE NO: 2:21- cv - 03150**


**CIVIL ACTION**

# MEMORANDUM OF LAW OPPOSING

# MOTIONS TO STAY THE PROCEEDINGS

This is an action for damages claimed by Plaintiff arising from multiple violations of her state and federal Constitutional rights while she was imprisoned at Edna Mahan Correctional Facility for Women from July 2015 to July 2020.  Defendants Anthony Valvano and Amir Bethea, the movants herein, were Sergeants on her unit and are alleged to have played a role in those Constitutional violations.  Plaintiff completed her full sentence, and was discharged, in July 2020.  On or about January 11, 2021, there was a highly publicized (but by no means unique or unusual) incident at the prison: several women were subjected to violent "cell attractions", which somehow came to the attention of the media and politicians, and became a *cause celebre* for a few weeks.  Eventually, some ten or so prison guards and supervisors were charged and arrested for various crimes allegedly committed on January 11, 2021.  Defendants Valvano and Bethea were among those arrested and charged. To the best of Plaintiff's knowledge, there have been no indictments yet from those arrests.

Defendant Valvano now moves to stay all proceedings, including his obligation to answer the Second Amended Complaint; and Bethea has joined that motion.  Plaintiff's lawsuit has no connection whatsoever to the criminal charges faced by Sergeants Bethea and Valvano – Plaintiff had been out of the prison for six months or so when the criminal acts occurred – and there is no legitimate reason for them to have a blanket stay.

The leading case on this issue is **United States v Kordel, 397 US 1 (1970)**, in which the Supreme Court upheld civil proceedings which went forward while a criminal inquiry into the same subject matter, which could have lead to a criminal prosecution, was also pending.   In this district, the guiding principles were laid down in **Walsh Securities, Inc v Cristo Property Management, LLC et als, 7 F.Supp. 2d 523 (DNJ, 1998)**.  There, Judge Bassler identified six elements for the court to consider when asked to stay civil litigation because of pending criminal proceedings.  It is noteworthy that in that case, and in virtually all cases where stays have been imposed, the criminal proceedings and civil litigation arose from the same event or series of events, unlike here, where whatever happened to this Plaintiff is entirely separate and discrete from the events which triggered the criminal

prosecution of Sergeant Valvano.  Judge Bassler's six factors were:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest. Transworld, 886 F.Supp. at 1139.  Id at 527.

Here, most importantly, the issues in the civil and criminal cases do not overlap, other than that both cases arose at Edna Mahan.  Plaintiff Gibson was long gone from the prison when the assaults that underlie the criminal case took place.  Furthermore, Defendants Valvano and Bethea have not yet been indicted, and may never be indicted.  Proceeding may well be unpleasant for these Defendants, and hence a burden, but that is a burden he will have to face sooner or later in any case.  The public interest is best served by having Plaintiff's allegations publically resolved, as it is in the public's interest to know that the events of January 11, 2021, were not an isolated event but rather, the norm in that cesspool.

In **Walker v County of Gloucester, et als, case no 15- 7073 (DNJ, 2016)** a county jail inmate was suing for an assault; there was also a criminal proceeding for the same assault against some or all of the COs involved.  A stay was imposed.  Similarly, in **Colombo v Board of Education of the City of Clifton, case no 11-00785 (DNJ, 2011)** a student was suing for a sexual assault by a school administrator, which the County Prosecutor was also pursuing.  Most recently, in **Dotts v Romano, case no 17-431 (DNJ, 2020)**, a 1983 case arising from an arrest which lead to a trial and conviction, the Court noted that of the six Walsh factors, identity of the underlying events is the most important, and imposed a stay.

The cases cited by Defendant are not on point.  **Peterson v Matlock 2011 WL 491571 (DNJ, 2011)** involved a civil suit by assaulted prisoners which also gave ris to a criminal proceeding; the same is true of **Richardson v New Jersey, 2016 WL 5858983  (DNJ, 2016).**  The New York case, **Trustees of Plumbers & Pipefitters Nat'l Pension Fund v Transworld**

**Mechanical, 886 F. Supp 1134 (SDNY, 1995)** also involved a criminal investigation into the same allegations of stolen/diverted pension contributions as the civil action. None of the cited cases, and no reported case that this writer can find, dealt with these circumstances: a civil allegation of constitutional torts resting on factual allegations that are very similar to factual allegations in a criminal proceeding against the same defendant, but which allegations are made by distinctly different people on distinctly different occasions.

In the case now before the Court, there is no factual overlap between the events alleged by Plaintiff and those in the charging instrument against Defendants Valvano and Bethea. There is, and can be, no legitimate reason to issue a stay. It is also worth noting, in this context, that any evidence of either Defendant's conduct with regard to Plaintiff would be inadmissible in a Superior Court prosecution under **NJRE 404(b)(1)** and **608(b)**.

As for the other Defendants, who have not been arrested or criminally charged, there is absolutely no reason to stay the proceedings as to them.

Dated: July 25, 2021                                    /s/ Lydia B. Cotz   7098