UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIEAUNA GIBSON,<br><br>                Plaintiff,<br><br>v.<br><br>ANTHONY VALVANO, et al.,<br><br>                Defendants. | Civil Action No. 21-3150(MAS)(TJB)<br><br>**CIVIL ACTION**<br><br>Motion Date:  August 16, 2021<br><br>ORAL ARGUMENT REQUESTED |

_____

**REPLY BRIEF IN SUPPORT OF DEFENDANT
ANTHONY VALVANO'S MOTION TO STAY**
_____

M<small>C</small>E<small>LROY</small>, D<small>EUTSCH</small>, M<small>ULVANEY</small>
 & C<small>ARPENTER</small>, LLP
1300 Mount Kemble Avenue, P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant Anthony Valvano

John J. Peirano, Esq.
    Of Counsel and on the Brief

Kathleen N. Fennelly, Esq.
    On the Brief

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

LEGAL ARGUMENT .............................................................................................. 3

    I.    VALVANO'S MOTION FOR A STAY SHOULD BE
        GRANTED ................................................................................... 3

        A.    There is Substantial Overlap Between the Civil and
             Criminal Complaints .................................................................... 4

        B.    The Criminal Case against Valvano and the Co-Defendants
             is Being Actively Litigated .......................................................... 5

        C.    The Public Interest Is Not Harmed by Entry of a Stay ............... 7

CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases** .......................................................................................................**Page(s)**

Baxter v. Palmigiano,
    425 U.S. 308 (1976)................................................................................7

Colombo v. Bd. of Educ. for the Clifton Sch. Dist.,
    2011 WL 5416058 (D.N.J. Nov. 4, 2011)......................................................8

Javier H. v. Garcia–Botello,
    218 F.R.D. 72 (W.D.N.Y.2003) .................................................................8

Sec. & Exch. Comm'n v. Fishoff,
    2016 WL 1262508 (D.N.J. Mar. 31, 2016) ................................................7, 8

United States v. All Articles of Other-Sonic Gneric Ultrasound
    Transmission Gel, 2013 WL 1285412 (D.N.J. Mar. 27, 2013) ............................5

Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,
    7 F.Supp.2d 523 (D.N.J.1998)............................................................ *passim*

**Other Authorities**

N.J.R.E. 404(b) ......................................................................................6

## **PRELIMINARY STATEMENT**

This reply brief is submitted on behalf of Defendant Anthony Valvano ("Valvano"), in further support of his motion to stay all proceedings against him in this case, pending resolution of overlapping criminal charges filed against him by the New Jersey Attorney General's Office.

Plaintiff Brieauna Gibson's ("Plaintiff") opposition is largely based on her assertion that "Plaintiff's lawsuit has no connection whatsoever to the criminal charges faced by Sergeants Bethea and Valvano" because "Plaintiff had been out of the prison for six months or so when the criminal acts occurred." Plaintiff's Brief ("Pl. Br.") at p. 2. Despite arguing that there is no overlap, Plaintiff acknowledges that there is overlap because both cases arose at the Edna Mahan Correctional Facility ("EMCF"). Pl. Br. at p. 3.

A review of the conduct at issue demonstrates without question that there is substantial overlap. While the alleged victims in both complaints may be different, the course of conduct alleged in both complaints is strikingly similar. In her Second Amended Complaint ("Compl."), Plaintiff alleges that Valvano, a supervising Department of Corrections ("DOC") officer, had knowledge of the alleged use of excessive force against Plaintiff and other prisoners at the EMCF, including in connection with the extraction of Plaintiff from her cell, and failed to correct that misconduct and/or acquiesced in the conduct. *See* Compl., ¶ 24, 27. In

1

the criminal complaint, the State of New Jersey alleges that Valvano violated DOC policies and procedures for forced cell extractions, and refrained from preventing and failed to report assaultive conduct by other officers in his presence. *See* Peirano Cert., Ex. "A". The similarities between Plaintiff's civil complaint and the criminal complaint are undeniable, especially when coupled with the arguments made by Plaintiff in opposition to the motion to stay, and additional allegations in the civil complaint. In her complaint, Plaintiff also alleges that "[t]here is a long and well-documented history of widespread abuse of inmates at EMCF . . . " (Compl., ¶9), and that Plaintiff witnessed the severe and pervasive abuse of others by the Defendant Corrections Officers and other Corrections Officers" (Compl. ¶18). In opposing the motion to stay, Plaintiff argues that the January 11th cell extractions that led to the criminal charges against Valvano were "by no means unique or unusual" (Pl. Br. at p. 2), and that "[t]he public interest is best served by having Plaintiff's allegations publically resolved, as it is in the public's interest to know the events of January 11, 2021, were not an isolated event but rather, the norm in that cesspool." (*Id.* at p. 3.) There can be no doubt that Plaintiff's decision to make the alleged wide spread and long-standing history of abuse of inmates at EMCF and the events of January 11, 2021 – the events that are the subject of the criminal complaint – integral parts of her civil case, confirms the existence of a

substantial overlap in the cases, and requires the entry of a stay of this case pending resolution of the criminal case.

## LEGAL ARGUMENT

### I. VALVANO'S MOTION FOR A STAY SHOULD BE GRANTED.

The parties agree that this Court is guided by the six factors set forth in *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523 (D.N.J.1998) in evaluating Valvano's motion for a stay. These include "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest." *Id.,* 7 F.Supp.2d at 527.

Plaintiff does not dispute that the third, fourth and fifth *Walsh* factors support entry of a stay. As for the remaining factors, Plaintiff argues that the alleged lack of overlap between the cases, the fact that Valvano has yet to be indicted on the criminal charges, and the public's interest in seeing her complaint publically resolved support the denial of Valvano's motion. As set forth below, and in Valvano's opening brief, all of the *Walsh* factors support entry of a stay of this case, pending the resolution of the criminal case.

3

### A. There is Substantial Overlap Between the Civil and Criminal Complaints

As discussed above, the wrongful conduct alleged in both complaints is substantially the same: as to Valvano, both cases allege that Valvano, in his supervisory capacity, had knowledge of the use of excessive force against inmates at EMCF, including Plaintiff, in part in connection with cell extractions, and failed to correct and/or acquiesced in that conduct. Plaintiff was released from the EMCF on July 3, 2020 (Compl. ¶ 12), just six months before January 11, 2021. In addition to alleging three instances of alleged assault by DOC corrections officers, including one instance in connection with an extraction from her cell, Plaintiff has also alleged and argued: 1) that there is a long and well-documented history of widespread abuse of inmates at EMCF by DOC corrections officers (Compl., ¶9); 2) that Plaintiff witnessed the severe and pervasive abuse of other inmates by Valvano and other corrections officers (Compl. ¶ 18); 3) that the January 11th cell extractions that led to the criminal charges against Valvano were not unique or unusual (Pl. Br. at p. 2); and 4) that the events of January 11, 2021 were not isolated, but were the norm in the EMCF (*Id.*, at p. 3). Plaintiff's decision to make the alleged "long, well-documented and widespread" abuse of inmates at EMCF, as well as the events that took place on January 11th, which are the subject of the criminal complaint, her civil case leaves no doubt that there is a substantial overlap between the civil and criminal cases. Accordingly, this factor supports entry of a

4

stay of the criminal case.

### B. The Criminal Case against Valvano and the Co-Defendants is Being Actively Litigated.

Plaintiff also argues that a stay is not warranted because Valvano has not yet been indicted, and may never be indicted. (Pl. Br. at p. 3). As noted in *Walsh*, "each case must be evaluated individually . . . and it is 'still possible' to obtain a stay . . . if the Government is conducting an active parallel investigation. *Walsh*, 7 F. Supp. 2d. at 527. *See also, United States v. All Articles of Other-Sonic Gneric Ultrasound Transmission Gel*, 2013 WL 1285412 (D.N.J. Mar. 27, 2013) (granting stay of discovery despite lack of indictment where government actively conducting a parallel criminal investigation). A review of the New Jersey Superior Court docket for the pending criminal case confirms that the State of New Jersey is actively prosecuting the criminal case. *See* Fennelly Cert., Ex. "A". In addition, any delay in obtaining an indictment is attributable, at least in part, to the orders put in place by the New Jersey Supreme Court in response to the COVID-19 pandemic that initially halted, and then substantially limited the empanelment of grand juries.

It is undisputed that a criminal complaint has been filed against Valvano. In light of the ongoing prosecution of the parallel criminal case, as recognized by the *Walsh* court, if this case is not stayed, Valvano will be forced to choose between waiving his Fifth Amendment rights by defending himself in the civil lawsuit or

5

asserting the privilege and probably losing the civil case. Staying this case will avoid placing Valvano in this position. *Walsh*, 7. F.Supp.2d at 528.

In opposing the motion for a stay, Plaintiff submits that evidence of Valvano's conduct with regard to Plaintiff would be inadmissible in a Superior Court prosecution under N.J.R.E. 404(b)(1) and 608(b). Pl. Br. at p. 4. N.J.R.E. 404(b)(1) addresses the prohibited use of evidence of other crimes, wrongs or acts, and provides that "[e]xcept as otherwise provided by Rule 608(b), evidence of other crimes, wrongs or acts is not admissible to prove a person's disposition in order to show that on a particular occasion the person acted in conformity with such disposition." Plaintiff's argument completely ignores the fact that there are circumstances where "other crimes" evidence can be admitted, even if Valvano chooses not to testify in the criminal trial. N.J.R.E. 404(b)(2) sets forth the *permitted* use of "other crimes" evidence. While evidence of Valvano's conduct with Plaintiff may or may not be admissible pursuant to N.J.R.E. 404(b)(1), the State could attempt to admit evidence of Valvano's conduct from this case in the criminal prosecution to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute. " *See,* N.J.R.E. 404(b)(2).

An additional reason to grant a stay is that while the Fifth Amendment protects individuals from compelled self-incrimination, its prohibition against

6

adverse inferences is not applicable to civil cases. "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). As noted above, Plaintiff has made the alleged "long and well-documented history of widespread abuse of inmates at EMCF" part of her allegations in the civil complaint. If the civil case is not stayed, Valvano will be forced to choose between potentially incriminating himself in connection with the pending criminal charges and/or exposing himself to further criminal liability by participating in discovery, or being subject to an adverse inference if he refuses to participate in discovery. *See, Sec. & Exch. Comm'n v. Fishoff*, 2016 WL 1262508, at *3 (D.N.J. Mar. 31, 2016).

### C.  The Public Interest Is Not Harmed by Entry of a Stay

Plaintiff's only argument that the public interest supports denial of Valvano's motion for a stay is that the public interest is best served by having Plaintiff's allegations publically resolved so that the public knows that the events of January 11, 2021 were not an isolated incident. Pl. Br. at p. 3. Ongoing media coverage, as well as the investigative reports issued by the United States Department of Justice, and by Lowenstein Sandler LLP, at the request of Governor Murphy, regarding the EMCF, will insure that the EMCF remains in the public eye.

While reserving any and all rights he may have to respond to the allegations in the civil complaint, Valvano has not filed a motion to seal, or requested that this case be resolved privately. In *Columbo v. Bd. Of Educ. For the Clifton Sch. Dist.*, 2011 WL 5416058 (D.N.J. Nov. 4, 2011), one of the defendants, Jimmie Warren, was a high school principal accused of engaging in a pattern of inappropriate and sexually suggestive communications with plaintiff, the mother of a student at the high school. *Id.* at *1. In opposing defendant Warren's motion for a stay, the plaintiff argued, much like the argument advanced by Plaintiff in the instant case, that the public has an interest in scrutinizing the officials who are charged with overseeing children. The *Columbo* court granted the stay, noting that "civil litigation is not the only avenue used to protect this interest. In fact, the detectives on the criminal matter are furthering this interest with their investigation. Thus, the criminal matter should be able to continue without the interference of the civil matter." *Id.* at *6.

As noted by many courts in this district, the public interest is promoted by allowing a complete, unimpeded investigation into alleged criminal activity. *Walsh*, 7 F. Supp. 2nd at 529. *See also*, *Fishoff*, 2016 WL 1262508, at *4. This is not a case regarding mislabeling or other consumer issues. Plaintiff has not argued – nor could she – that this is anything other than a private civil action in which

8

Plaintiff is seeking monetary damages. The public interest will not be harmed if a stay is entered.

## CONCLUSION

For the reasons set forth herein, and in Valvano's brief in support of the motion to stay, Valvano respectfully submits that this case should be stayed pending resolution of the related criminal case, because all of the *Walsh* factors support entry of a stay.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendants

By: /s/ *John J. Peirano*
      John J. Peirano

Dated: August 9, 2021