UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| _____ : | HON. MICHAEL A. SHIPP, U.S.D.J. |
| BRIEAUNA GIBSON,                : | HON. TONIANNE J. BONGIOVANNI, U.S.M.J. |
| PLAINTIFF,   : | |
| : | |
| v.               : | CIVIL ACTION NO. 3:21-CV-03150 |
| : | |
| ANTHONY VALVANO; AMIR BETHEA;   : | |
| KELLY BURLIAN; DIANNA TORRES;   : | **ELECTRONICALLY FILED** |
| JOSEPH   RIOTTO;   FRANCIS   : | |
| CASCARELLI;  SCO F/N/U GREEN   : | |
| AKA BASKERVILLE; KEVIN PEREZ;   : | |
| SEAN ST. PAUL; SARAH DAVIS;   : | |
| ROBIN KELLER; AND JOHN DOES 1   : | |
| TO 10, ALL INDIVIDUALLY AND   : | |
| IN THEIR OFFICIAL CAPACITIES   : | |
| AS NEW JERSEY DEPARTMENT OF   : | |
| CORRECTIONS OFFICERS AND/OR   : | |
| EMPLOYEES;   MARCUS   HICKS,   : | |
| COMMISSIONER OF THE STATE OF   : | |
| NEW   JERSEY   DEPARTMENT   OF   : | |
| CORRECTIONS, IN HIS OFFICIAL   : | |
| CAPACITY, ONLY,   : | |
| DEFENDANTS.   : | |
| _____ : | |

_____

**BRIEF IN SUPPORT OF DEFENDANTS SARAH DAVIS AND MARCUS HICKS'
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

_____

JEREMY M. FEIGENBAUM
ACTING ATTORNEY GENERAL
R.J. Hughes Justice Complex
PO Box 112
Trenton, New Jersey 08625
(609) 376-2958
*Attorney for Defendants Sarah Davis
and Marcus Hicks.*

NICCOLE L. SANDORA
Deputy Attorney General
On the Brief

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ...........................................1

PROCEDURAL AND FACTUAL HISTORY...................................2

STANDARD OF REVIEW..............................................3

ARGUMENT

    POINT I

        ALL OF PLAINTIFF'S CLAIMS BROUGHT UNDER 42 U.S.C. § 1983 AND THE NJCRA AGAINST DEFENDANTS DAVIS AND HICKS IN THEIR OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE MOVING DEFENDANTS ARE NOT CONSIDERED "PERSONS" AMENABLE TO SUIT FOR MONETARY DAMAGES UNDER EITHER STATUTE.........................5

        A.   Plaintiff's claims against moving defendants under 42 U.S.C. § 1983 must fail................6

        B.   Plaintiff's claims against moving defendants under the NJCRA similarly must fail.............8

    POINT II

        PLAINTIFF'S CONSPIRACY TO DEPRIVE OF DUE PROCESS CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF...................................10

    POINT III

        PLAINTIFF'S INADEQUATE MEDICAL CARE CLAIMS UNDER BOTH 42 U.S.C. § 1983 AND THE NJCRA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF.13Plaintiff failed to exhaust her administrative remedies...........................13

        A.   Plaintiff has also failed to allege a serious medical need that Defendant Davis failed to address warranting the dismissal of Counts 8 and 9...............................16

POINT IV

    COUNT 2 OF PLAINTIFF'S THIRD AMENDED COMPLAINT
SHOULD BE DISMISSED BECAUSE INMATES DO NOT HAVE A
CONSTITUTIONALLY PROTECTED RIGHT WITH RESPECT TO
PRISON GRIEVANCES....................................18

    **A.**   Count 2 should be dismissed as there is no
alleged constitutional violation ...............19

    **B.**   Count 2 should also be dismissed because moving
defendants are entitled to qualified immunity.. 22

POINT V

    PLAINTIFF'S FREE EXERCISE CLAIMS UNDER BOTH 42
U.S.C. § 1983 AND THE NJCRA SHOULD BE DISMISSED FOR
FAILURE TO STATE A CLAIM FOR RELIEF..................24

POINT VI

    PLAINTIFF'S REMINING CLAIMS UNDER SECTION 1983 AND
THE NJCRA SHOULD BE DISMISSED AGAINST MARCUS HICKS,
AS NEITHER STATUTE PERMITS CLAIMS BASED SOLELY ON
RESPONDEAT SUPERIOR LIABILITY.......................29

POINT VII

    TO THE EXTENT ANY OF PLAINTIFF'S THIRD AMENDED
COMPLAINT SURVIVES AS TO HICKS, PLAINTIFF'S CLAIMS
FOR PUNITIVE DAMAGES SHOULD BE DISMISSED............31

CONCLUSION................................................. 33

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

Allah v. Al-Hafeez,
  226 F.3d 247 (3d Cir. 2000) ...........................32, 33

Antonelli v. Sheahan,
  81 F.3d 1422 (7th Cir. 1996) ...............................21

Ashcroft v. al-Kidd,
  563 U.S. 731 (2011) ....................................23, 24

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ..................................3, 4, 30

Aulson v. Blanchard,
  83 F.3d 1 (1996) ..........................................13

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ........................................4

Bell v. Wolfish,
  441 U.S. 520 (1979) .......................................27

Bray v. Alexandria Women's Health Clinic,
  506 U.S. 263 (1993) .......................................11

Brooks v. Beard,
  167 F. App'x 923 (3d Cir. 2006) ...................20, 22, 24

Brown v. State,
  230 N.J. 84 (2017) ......................................9, 23

Brown v. State,
  442 N.J. Super. 406 (2014) .................................9

Burnside v. Moser,
  138 F. App'x 414 (3d Cir. 2005) .......................19, 20

Cal. Pub. Employees Ret. Sys. v. Chubb Corp.,
  394 F.3d 126 (3d Cir. 2004) ................................5

Callahan v. Woods,
  658 F.2d 679 (9th Cir. 1981) ..............................25

-iii-

Carpenters v. Scott,
    463 U.S. 825 (1983) ....................................11, 12

Chugh v. Western Inventory Servs., Inc.,
    333 F. Supp. 2d 285 (D.N.J. 2004) ...........................5

Coleman v. Kaye,
    87 F.3d 1491 (3d Cir. 1996) .............................31, 33

DeHart v. Horn,
    227 F.3d 57 (3d Cir. 2000) .................................25

Doe v. Delie,
    257 F.3d 309 (3d Cir. 2001) ................................5

Estelle v. Gambel,
    429 U.S. 97 (1976) .........................................16

Farber v. City of Paterson,
    440 F.3d 131 (2006) ........................................12

Flanagan v. Shively,
    783 F. Supp. 922 (M.D. Pa. 1992) ...........................20

Flick v. Alba,
    932 F.2d 728 (8th Cir. 1991) ...............................22

Fraise v. Terhune,
    283 F.3d 506 (3d Cir. 2002) ................................29

Goodwin v. Conway,
    836 F.3d 321 (3d Cir. 2016) ................................23

Gormley v. Wood-El,
    218 N.J. 72 (2014) .........................................23

Griffin v. Breckenridge,
    403 U.S. 88 (1971) .....................................10, 11

Hampton v. Holmesburg Prison Officials,
    546 F.2d 1077 (3d. Cir. 1976) ..............................29

Heleva v. Kramer,
    214 Fed. App'x. 244 (3d Cir. 2007) .........................21

Jimenez v. New Jersey,
    245 F. Supp. 2d 584 (D.N.J. 2003) ......................29, 30

Jones v. Bock,
    549 U.S. 199 (2007) ........................................14

Lake v. Arnold,
    112 F.3d 682 (1997) ........................................12

Mann v. Adams,
    855 F.2d 639 (9th Cir. 1988) ...............................22

Massey v. Helman,
    259 F.3d 641 (7th Cir. 2001) ...............................21

Matin v. Unknown U.S. Marshals,
    965 F. Supp. 2d 502 (D.N.J. 2013) ...........................9

Miller v. Rutgers,
    619 F. Supp. 1386 (D.N.J. 1985) .........................7, 8

Minnesota State Bd. for Community Colleges v. Knight,
    465 U.S. 271 (1984) ........................................21

Mitchell v. Forsyth,
    472 U.S. 511 (1985) ........................................23

Moore v. Tartler,
    986 F. 2d 682 (3d Cir. 1983) .............................6, 19

Morillo v. Torres,
    222 N.J. 104 (2015) ........................................23

Morse v. Lower Merion Sch. Dist.,
    132 F.3d 902 (3d Cir. 1997) .................................5

N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.,
    563 F. Supp. 2d 474 (D.N.J. 2008) ...........................5

O'Lone v. Estate of Shabazz,
    482 U.S. 342 (1987) ........................................27

Overton v. Bazzetta,
    539 U.S. 129 (2003) ........................................27

Papasan v. Allain,
    478 U.S. 265 (1986) .........................................4

Parratt v. Taylor,
    451 U.S. 527 (1981) ........................................29

Pearson v. Callahan,
  555 U.S. 223 (2009) .........................................23

Perry v. Gold & Laine, P.C.,
  371 F. Supp. 2d 622 (D.N.J. 2005) ...........................5

Polk County v. Dodson,
  454 U.S. 312 (1981) .........................................29

Porter v. Nussle,
  534 U.S. 516 (2002) .........................................14

Pressley v. Beard,
  266 F. App'x 216 (3d Cir. 2008) ....................20, 22, 24

Pressley v. Johnson,
  268 Fed. App'x 181 (3d Cir. 2008) ..........................21

Reichle v. Howards,
  566 U.S. 658 (2012) .........................................23

Rezem Family Assoc., L.P. v. Borough of Millstone,
  423 N.J. Super. 103 (App. Div. 2011) ........................9

Rode v. Dellarciprete,
  845 F.2d 1195 (3d Cir. 1988) ...............................29

Ross v. Blake,
  136 S. Ct. 1850 (2016) .................................14, 15

Rouse v. Plantier,
  182 F.3d 192 (3d Cir. 1999) ................................16

Saucier v. Katz,
  533 U.S. 194 (2001) .........................................23

Smith v. Arkansas State Highway Employees,
  441 U.S. 463 (1979) .........................................20

Smith v. Wade,
  461 U.S. 30 (1983) .....................................31, 33

Spruill v. Gillis,
  372 F.3d 218 (3d Cir. 2004) ........................14, 17, 18

Stronger v. Bureau of Prisons,
  145 Fed. App'x 751 (3d Cir. 2005) ..........................21

Taylor v. Barkes,
    135 S. Ct. 2042 (2014) ......................................23

Trafton v. City of Woodbury,
    799 F. Supp. 2d 417 (D.N.J. 2011) ..........................8

Travillion v. Leon,
    248 F. App'x 353 (3d Cir. 2007) ....................19, 22, 24

Turner v. Safley,
    482 U.S. 78 (1987) .....................................*passim*

United States v. Seeger,
    380 U.S. 163 (1965) ........................................25

West v. Atkins,
    487 U.S. 42 (1998) ......................................6, 19

Will v. Michigan Dep't of State Police,
    491 U.S. 58 (1989) .......................................7, 9

Williams v. Morton,
    343 F.3d 212 (3d Cir. 2000) ...............................27

Wilson v. Layne,
    526 U.S. 603 (1999) .......................................24

Woodford v. Ngo,
    548 U.S. 81 (2006) ........................................14

**Statutes**

42 U.S.C. § 1983..........................................*passim*

42 U.S.C. § 1985..........................................*passim*

42 U.S.C. § 1997e(a).........................................14

N.J.S.A. 2A:15-5.12.........................................33

N.J.S.A. 2A:15-5.12(a)......................................31

N.J.S.A. 2A:15-5.12(b)......................................32

N.J.S.A. 10:6-2(c)..........................................8

N.J.S.A. 10:6-1 to -2.......................................1

**Other Authorities**

Fed. R. Civ. P. 8(a)(2).........................................4

Fed. R. Civ. P. 12(b)(6)........................................4

N.J.A.C. 10A:4-11...............................................3

N.J.A.C. 10A:7..................................................3

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Brieauna Gibson is a former inmate who was incarcerated at the Edna Mahan Correctional Facility for Women ("EMCF"), a facility owned and operated by the New Jersey Department of Corrections.  Plaintiff brings the instant complaint against Defendants Marcus Hicks, Sarah Davis, and others in their individual and official capacity.  Plaintiff's Third Amended Complaint should be dismissed as to the moving defendants.

Count 1 of Plaintiff's Third Amended Complaint, alleging a conspiracy to deprive Plaintiff of her due process rights, brought against Defendant Davis under 42 U.S.C. § 1985, should be dismissed because Section 1985 requires a conspiracy based on some type of class-based animus, which Plaintiff has not pleaded and cannot prove.  All of Plaintiff's claims under 42 U.S.C. § 1983 (Counts 2, 8, 10 and 12) and the New Jersey Civil Rights Act ("NJRCA"), N.J.S.A. 10:6-1 to -2 (Counts 9, 11 and 12) should be dismissed as to moving defendants in their official capacity, because moving defendants are not considered "persons" amenable to suit for monetary damages.  Finally, Plaintiff fails to state a claim for relief as to each of the remaining claims, thus, warranting dismissal of the Third Amended Complaint as to moving defendants.

## PROCEDURAL AND FACTUAL HISTORY[1]

On or about July 1, 2015, Plaintiff was lawfully confined to EMCF to serve a five-year prison sentence.  See Plaintiff's Third Amended Complaint (ECF No. 51) at 2, ¶ 5.  Plaintiff was released from EMCF on or about July 3, 2020.  Id. at 3, ¶ 12

Plaintiff filed a complaint against moving defendants and others on February 22, 2021.  See ECF No. 1.  Her complaint was amended two days later.  See ECF No. 2.

Moving defendants waived service, and a stipulation extending time for moving defendants to answer, move, or otherwise respond to Plaintiff's Amended Complaint was entered on May 17, 2021.  See ECF No. 9.

Plaintiff filed a second amended complaint on or about July 5, 2021.  See ECF No. 20.

Moving defendants filed a motion to dismiss Plaintiff's second amended complaint, which Plaintiff opposed, and cross-moved to amend her Complaint.  See ECF Nos. 27, 42, 43.  Defendants then withdrew their motion to dismiss pending the filing of Plaintiff's third Amended Complaint.  See ECF No. 46, 47.

---

[1] Defendants Sarah Davis and Marcus Hicks submit the following combined Procedural and Factual History for the convenience of the Court.

Plaintiff filed her third amended complaint on January 5, 2022.[2]  See ECF No. 51.  Therein, Plaintiff alleges that while she was incarcerated at EMCF she was subjected to physical, verbal, and psychological abuse to which she made all of the defendants aware through the prison grievance procedure set forth in N.J.A.C. 10A:4-11 and N.J.A.C. 10A:7, but her grievances went unanswered or were denied.  See ECF No. 51 at 3, ¶¶ 15-16.  She claims that moving defendants, and others, engaged in a conspiracy to deprive her of due process, deprived her of procedural due process rights, denied her the opportunity to petition the government for redress of grievances, subjected her to cruel and unusual punishment with respect to her medical care, and infringed on her right to freely exercise her religion.  Id. at 7-13, ¶¶ 31- 57.  Plaintiff largely seeks to hold Defendants Hicks and Davis liable under the doctrine of respondeat superior.  Id. at 13, ¶ 57.

Defendants Hicks and Davis now timely move for dismissal of Plaintiff's third Amended Complaint.

**STANDARD OF REVIEW**

To survive a motion to dismiss, a complaint must state a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While a plaintiff's complaint need not contain detailed factual allegations in order to survive a motion to dismiss, "a

---

[2]  Plaintiff's Third Amended Complaint no longer asserts Count 3, nor Count 7 as to Defendant Davis.

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original)(citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Determining whether plaintiff has pleaded a plausible claim for relief under Fed. R. Civ. P. 12(b)(6), is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679. Generally, a claim is plausible on its face when a plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This "plausibility standard is not akin to a 'probability requirement,'" instead, it requires "more than a sheer possibility that a defendant has acted unlawfully." Ibid. (quoting Twombly, 550 U.S. at 557). Where a plaintiff pleads facts which "do not permit the court to infer more than the mere possibility of misconduct" by defendants, plaintiff is not entitled to relief. Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In reviewing a motion to dismiss, the court will generally "accept as true all of the factual allegations in the complaint, and . . . draw all reasonable inferences in favor of the

-4-

plaintiff." N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ., 563 F. Supp. 2d 474, 480 (D.N.J. 2008) (citing Cal. Pub. Employees Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001)). "Nevertheless, legal conclusions offered in the guise of factual allegations are given no presumption of truthfulness." Perry v. Gold & Laine, P.C., 371 F. Supp. 2d 622, 626 (D.N.J. 2005) (citing Chugh v. Western Inventory Servs., Inc., 333 F. Supp. 2d 285, 289 (D.N.J. 2004)). The court "can and should reject 'legal conclusions,' 'unsupported conclusions,' 'unwarranted references,' 'unwarranted deductions,' 'footless conclusions of law,' and 'sweeping legal conclusions in the form of actual allegations.'" Ibid. (quoting Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 n.8 (3d Cir. 1997)).

## ARGUMENT

### POINT I

**ALL OF PLAINTIFF'S CLAIMS BROUGHT UNDER 42 U.S.C. § 1983 AND THE NJCRA AGAINST DEFENDANTS DAVIS AND HICKS IN THEIR OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE MOVING DEFENDANTS ARE NOT CONSIDERED "PERSONS" AMENABLE TO SUIT FOR MONETARY DAMAGES UNDER EITHER STATUTE.**

Plaintiff brought the following claims under 42 U.S.C. § 1983 against Defendants Davis in both her individual and official capacity: conspiracy to deny due process (Count 1); denial of due process (Count 2); inadequate medical care (Count 8) and free exercise of religion (Count 10). Plaintiff has also brought two

under the NJCRA against Defendant Davis in both her individual and official capacity: inadequate medical care (Count 9) and free exercise of religion (Count 11). Plaintiff has also brought a general supervisory liability claim (Count 12) against Defendant Davis, in both her individual and official capacity, under both 42 U.S.C. § 1983 and the NJCRA.

As to Defendant Hicks, Plaintiff has brought two claims against him in his individual and official capacity: denial of due process (Count 2), brought under 42 U.S.C. § 1983; and supervisory liability (Count 12), brought under both 42 U.S.C. § 1983 and the NJCRA.

All of the claims brought against Defendants Davis and Hicks in their official capacity should be dismissed because moving defendants are not considered "persons" amenable to suit for monetary damages under Section 1983 or the NJCRA.

**A. Plaintiff's claims against moving defendants under 42 U.S.C. § 1983 must fail**

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of her constitutional rights. See, e.g., Moore v. Tartler, 986 F. 2d 682, 685 (3d Cir. 1983).  To succeed on a claim under Section 1983, a plaintiff must show: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right.  See, e.g., Moore, 986 F. 2d. at 685; see also West

v. Atkins, 487 U.S. 42, 48 (1998) (citations omitted).   In
pertinent part, Section 1983 provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory or the District of
> Columbia, subjects, or causes to be subjected,
> any citizen of the United States or other
> person within the jurisdiction thereof to the
> deprivation of any rights, privileges or
> immunities secured by the Constitution and
> laws, shall be liable to the party injured in
> an action at law, suit in equity, or other
> proper proceeding for redress.
>
> [42 U.S.C. § 1983.]

As a preliminary matter, to be liable within the meaning of Section
1983, a defendant must be a "person."  See, e.g., Will v. Michigan
Dep't of State Police, 491 U.S. 58 (1989).

It is well-established that neither the State nor a state
official acting in their official capacity is considered a "person"
for purposes of Section 1983.  Id. at 71.  The Supreme Court has
made clear that while state officials are literally persons, a
suit against a state official in their official capacity is a suit
against the official's office, not the individual themselves, and
thus it is "no different from a suit against the State itself."
Ibid.  While prospective relief may be sought against state
officials acting in their official capacity, a request for money
damages is indistinguishable from one against the State itself and
thus is prohibited.  Miller v. Rutgers, 619 F. Supp. 1386, 1392-
93 (D.N.J. 1985).

-7-

Here, Counts 1, 2, 8, 10, and 12 of Plaintiff's Third Amended Complaint, brought against moving defendants under Section 1983 all seek monetary damages.  See ECF No. 51 at 7-13.  These claims are brought against moving defendants in their individual and official capacities.  See id. at 1.

It is undisputed that Defendants Davis and Hicks are state officials, and as such, considered an extension of the State itself.  Accord Miller, 619 F. Supp. at 1392-93.  Thus, Defendants Davis and Hicks are not considered "persons" for purposes of Section 1983, and Plaintiff's claims brought against Defendants Davis and Hicks in their official capacity must be dismissed with prejudice.

**B. Plaintiff's claims against moving defendants under the NJCRA similarly must fail**

The NJCRA, like 42 U.S.C. § 1983, provides a private cause of action for civil rights violations protected by the New Jersey Constitution.  See Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citations omitted).  In pertinent part, the NJCRA provides that:

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats,

-8-

>   intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.
>
> [N.J.S.A. 10:6-2(c).]

The NJCRA is considered the state analogous counterpart to 42 U.S.C. § 1983. See Brown v. State, 442 N.J. Super. 406, 426 rev'd on other grounds, Brown v. State, 230 N.J. 84 (2017). Courts, in interpreting the NJCRA, have consistently applied the same analysis as applied to claims brought under 42 U.S.C. § 1983. See, e.g., Rezem Family Assoc., L.P. v. Borough of Millstone, 423 N.J. Super. 103, 115 (App. Div. 2011); Martin v. Unknown U.S. Marshals, 965 F. Supp. 2d 502, 548 (D.N.J. 2013).

The NJCRA, on its face, does not apply to the State, nor to its employees, which are considered to be an extension of the State. Brown, 442 N.J. Super. at 425-26. Just as with the claims brought under 42 U.S.C. § 1983, claims against state officials acting in their official capacity brought under the NJCRA cannot be sustained as state employees are not considered "persons" for purposes of liability for monetary damages. See, e.g., Will, 491 U.S. at 71; see also Martin, 965 F. Supp. 2d at 548 (the NJCRA is interpreted analogous to 42 U.S.C. § 1983).

Plaintiff brought three NJCRA claims (Counts 9, 11 and 12) against moving defendants in their official and individual capacity. See ECF No. 51 at 7-13. Plaintiff is seeking monetary

damages from the moving defendants.  See, generally, ECF No. 51.
Neither Defendant Davis nor Hicks are considered "persons" for
purpose of the NJCRA, to the extent the NJCRA claims are brought
against them in their official capacity.  Thus, all of Plaintiff's
claims under the NJCRA brought against moving defendants in their
official capacity should be dismissed.

### POINT II

**PLAINTIFF'S CONSPIRACY TO DEPRIVE OF DUE
PROCESS CLAIM SHOULD BE DISMISSED FOR FAILURE
TO STATE A CLAIM FOR RELIEF.**

Count 1 of Plaintiff's Third Amended Complaint alleges that
Defendant Davis and others engaged in a conspiracy to deprive
Plaintiff of her due process rights.  See ECF No. 511 at 7, ¶¶ 31-
32.  The claim is brought under 42 U.S.C. § 1985.  Ibid.  42 U.S.C.
§ 1985(3) allows for a private right of action, where there has
been a conspiracy to  deprived a person of certain rights or
privileges.

To bring a claim under 42 U.S.C. § 1985(3), a plaintiff must
allege "that the defendants did (1) 'conspire or go in disguise o
the highway or the premises of another' (2) 'for the purpose of
depriving, either directly or indirectly, any person or class of
persons of the equal protection of the laws, or of equal privileges
and immunities under the law.'"  Griffin v. Breckenridge, 403 U.S.
88, 102-103 (1971).  The plaintiff must then allege that at least
one the of "the conspirators (3) did, or caused to be done, 'any

-10-

act in furtherance of the object of [the] conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'" Id. at 103. In other words, a conspiracy claim under Section 1985 requires: "(1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action' . . . and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official encroachment.'" Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993)(quoting Griffin, 403 U.S. at 102; Carpenters v. Scott, 463 U.S. 825, 833 (1983)). Section 1985 is not meant to provide an extension to all tortious conspiratorial inferences, but rather, is meant to provide a cause of action in the specific context of conspiracies with an underlying class-based discriminatory animus. Accord Griffin, 403 U.S. at 101-102.

Here, Plaintiff alleges that Defendant Davis and others "conspired amongst themselves to violate Plaintiff's rights to procedural and substantive due process by imposing physical, retaliatory, painful punishment on her for real and/or fabricated misdeeds and insults." See ECF No. 51 at 7, ¶ 31. Plaintiff does not allege any racial or other class-based discrimination as the basis for any of the alleged conspirators' actions. Ibid. Instead, she attempts to allege a specific class-based animus based

on her being a prisoner.  Ibid.  However, she has not identified any case law to support that being a prisoner is the type of class entitled to protection under 1985.

There are limited "classes" that the Court has recognized for purposes of Section 1985.  See, e.g. Griffin, 402 U.S. at 102 (racial animus can establish the basis for class-based animus under Section 1985); United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825 (1983) (finding commercial and economic animus do not form the basis for a Section 1985 claim); Lake v. Arnold, 112 F.3d 682, 688 (1997) (mental illness and gender can establish the basis for class-based animus under Section 1985); Farber v. City of Paterson, 440 F.3d 131, 142 (2006)(discrimination based on political affiliation does not qualify as class-based discrimination under Section 1985).

The Court has stated that "[a]t a minimum Griffin's use of the word 'class,' unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985 defendant disfavors." Farber, 440 F.3d at 135-36.  The class must have "an identifiable experience independent of the fact that its members are victims of the defendants' tortious conduct."  Id. at 136.  Such is required to "preserve the distinction between two of the requirements of a § 1985(3) claim: that the conspirators be motivated by class-based invidiously discriminatory animus and that the plaintiff be the victim or an

injury." Ibid.  Merely alleging that one is a victim of a class because they are a victim would drain the class-based animus requirement "of all meaningful content." Ibid. (citing Aulson v. Blanchard, 83 F.3d 1, 5 (1996)).  In other words, to qualify as class-based for purposes of Section 1985 requires discrimination motivated by a class' "immutable characteristics." Ibid.

Being a prisoner is not an immutable characteristic, nor is there any case law to support that being a prisoner constitutes a class for purposes of Section 1985.  Plaintiff has not identified a class, independent of the fact that all of its members are alleged victims.  Ibid.  Plaintiff has not alleged the type of class-based discrimination sufficient to establish a claim under Section 1985, and has failed to state a claim for relief. Therefore, Count 1 should be dismissed as to Defendant Davis.

## POINT III

**PLAINTIFF'S INADEQUATE MEDICAL CARE CLAIMS UNDER BOTH 42 U.S.C. § 1983 AND THE NJCRA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF.**

Counts 8 and 9 of Plaintiff's Third Amended Complaint allege cruel and unusual punishment based on inadequate medical care against Defendant Davis and others, brought under both 42 U.S.C. § 1983 and the NJCRA.  Both counts should be dismissed as to Defendant Davis because Plaintiff failed to exhaust her administrative remedies as to these claims, and because Plaintiff

cannot establish an Eighth Amendment violation as to Defendant
Davis.

A. **Plaintiff failed to exhaust her administrative remedies**

First, Plaintiff has not pleaded facts that demonstrate that
she exhausted her administrative remedies as to any inadequate
medical care. Under the Prison Litigation Reform Act of 1996
("PLRA"), prisoners asserting claims under 42 U.S.C. § 1983 must
first exhaust administrative remedies before applying to the court
for relief. See 42 U.S.C. § 1997e(a). Specifically, the PLRA
provides that "[n]o action shall be brought with respect to prison
conditions under. . . (42 U.S.C. 1983), or any other Federal law,
by a prisoner confined in any jail, prison, or other correctional
facility until such administrative remedies as are available are
exhausted." "[E]xhaustion is mandatory under the PLRA and . . .
unexhausted claims cannot be brought in court." Jones v. Bock,
549 U.S. 199, 211 (2007)(citing Porter v. Nussle, 534 U.S. 516,
524 (2002)).

"Proper exhaustion demands compliance with an agency's
deadline and other critical procedural rules because no
adjudicative system can function effectively without imposing some
orderly structure on the course of its proceedings." Woodford v.
Ngo, 548 U.S. 81, 90 (2006). Failure to comply with the applicable
procedural requirements with respect to the grievance procedures

in the inmate's prison will result in a procedural default of the claim.  Spruill, 372 F.3d at 222.

In Ross v. Blake, 136 S. Ct. 1850, 1857 (2016), the Supreme Court reaffirmed its holding in Woodford, that there is no judicial discretion with respect to the PLRA's mandatory exhaustion requirement.  It rejected approaches which called for a "special circumstances" exception to mandatory exhaustion, holding that the only exception is the PLRA's textual exception which eliminates exhaustion where such administrative remedies are not available to a prisoner.  Id. at 1858.  Only where the system "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates," is "so opaque that it becomes . . . incapable of use," or where administrators thwart an inmate from taking advantage of the applicable grievance process thorough "machination, misrepresentation or intimidation," will administrative procedures be considered "unavailable" such that exhaustion is not required.  Id. at 1858-60.

Here, the textual exceptions to the mandatory exhaustion requirement, as outlined in Blake, do not apply.  The prison had an available administrative remedy system, which Plaintiff was aware, as evidenced by Plaintiff's statements that she filed numerous grievances.  See, generally, ECF No. 51.  Likewise, none of the circumstances where a system would be considered unavailable under Blake, exist.  Plaintiff availed herself previously of the

-15-

IRS system, as evidenced by the numerous grievances related to other issues raised in Plaintiff's Third Amended Complaint, thus, proving that the system was capable of being used.  Nothing in the Complaint suggested that Plaintiff was ever thwarted from using the IRS system, or that the system operated as a dead end.  <u>See, generally</u>, ECF No. 51.  Rather, Plaintiff vaguely claims that her grievances were ignored without specifying that she ever actually grieved regarding her alleged medical needs.  <u>Ibid.</u>  The facts, as pleaded by Plaintiff essentially allege she was dissatisfied with the timing and/or responses by the prison to her multiple grievances.  <u>Ibid.</u>  Because there was a grievance system available, but Plaintiff did not utilize that system to file grievances related to her inadequate medical care claim brought under 42 U.S.C. § 1983, Count 8 should be dismissed with prejudice for failure to exhaust her administrative remedies.

**B. <u>Plaintiff has also failed to allege a serious medical need that Defendant Davis failed to address warranting the dismissal of Counts 8 and 9</u>**

To succeed on a claim alleging inadequate medical care, an inmate must show: "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."  <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999)(citing <u>Estelle v. Gambel</u>, 429 U.S. 97, 103-04 (1976)).  "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain'

or to be 'repugnant to the conscience of mankind.'" Ibid. (quoting Estelle, 429 U.S. at 105). Rather, deliberate indifference to a serious medical need requires "obduracy and wantonness," which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. Ibid. (citations omitted).

With respect to inadequate medical care claims brought against non-medical personnel, as we have here, generally, non-medical prison officials are "justified in believing that the prisoner is in capable hands" with respect to prison medical providers. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Such defendants are "not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment if she fails to respond to an inmate's administrative complaint regarding medical treatment while the inmate is already receiving treatment by the prison doctor." Ibid. Only where a non-medical defendant had "a reason to believe (or actual knowledge) that the prison doctors or their assistants are mistreating (or not treating) a prisoner" can an allegation plausibly state an Eighth Amendment claim. Ibid.

Here, Plaintiff alleges that she was denied "prompt and appropriate medical care while she was incarcerated between November 5, 2019 and December xx 2019 . . . ." See ECF No. 51 at 11-12, ¶¶ 49-52. This claim fails for several reasons.

First, Plaintiff has failed to even allege that she had a serious medical need. Even if she had properly pleaded a demonstrated need for medical attention, she has alleged no facts to suggest that Defendant Davis was aware of such a need. There are no facts to suggest that Defendant Davis was made aware of any medical assessment that Plaintiff may have been provided, or that Defendant Davis had any reason to question it. Likewise, Plaintiff has pleaded no facts to suggest that it was inappropriate for Defendant Davis to rely on any medical decisions made by the trained professionals. See Spruill, 372 F.3d at 236.

There are no facts pleaded as to what medical care Plaintiff was seeking, what, if any, serious medical need it was related to, or what treatment, if any, treatment was required but disregarded or ignored. In sum, there are no facts pleaded that Defendant Davis had a reason to believe, nor actual knowledge of, any serious medical need that was not being addressed, as is required to even allege a claim for inadequate medical care. See ibid. Therefore, Plaintiff cannot sustain an inadequate medical care claim under either Section 1983 or the NJCRA, and Counts 8 and 9 of Plaintiff's Third Amended complaint should be dismissed as to Defendant Davis.

**POINT IV**

**COUNT 2 OF PLAINTIFF'S THIRD AMENDED COMPLAINT
SHOULD BE DISMISSED BECAUSE INMATES DO NOT
HAVE A CONSTITUTIONALLY PROTECTED RIGHT WITH
RESPECT TO PRISON GRIEVANCES.**

Count 2 of Plaintiff's Third Amended Complaint alleges that Defendants Davis, Hicks, and others, violated her procedural due process rights by failing to respond to/investigate her grievances, conduct hearings, or allow her the opportunity to be heard. See ECF No. 51 at 7, ¶¶ 33-35. Count 2 cannot be sustained because there is no constitutionally protected right to the prison grievance process.

**A. Count 2 should be dismissed as there is no alleged
constitutional violation**

42 U.S.C. § 1983 provides a cause of action for violations of constitutional rights. See, e.g., Moore, 986 F. 2d at 685. Thus, to succeed, a plaintiff must have been deprived of some federally secured right. Ibid.; see also West, 487 U.S. at 48. To succeed on a Due Process claim, a court must first determine whether the claim involves a protected interest. See, e.g., Travillion v. Leon, 248 F. App'x 353, 355 (3d Cir. 2007).

It is well-establish that inmates do not have a constitutionally protected interest with respect to prison grievance procedures. Id. at 356; see also Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005). The existence of an inmate

grievance procedure also does not confer upon an inmate any substantive constitutional rights. <u>Burnside</u>, 138 F. App'x at 416.

The failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation. <u>See, e.g.,</u> <u>Flanagan v. Shively</u>, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), <u>aff'd</u> 80 F.2d 722 (3d Cir. 1992). Nor will a prison official or administrator's response or lack thereof to an inmate grievance establish a constitutional violation, or liability as to the underlying constitutional deprivation. <u>See</u> <u>Pressley v. Beard</u>, 266 F. App'x 216, 218 (3d Cir. 2008)("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); <u>see also</u> <u>Brooks v. Beard</u>, 167 F. App'x 923, 925 (3d Cir. 2006)(prison officials responding inappropriately to inmate's later-filed grievances do not establish involvement by those officials in the underlying constitutional deprivation). Even outside of the prison context, there is no constitutional right with respect to an individual to grieve to the government, nor an obligation for the government to respond. <u>See, e.g.,</u> <u>Smith v. Arkansas State Highway Employees</u>, 441 U.S. 463, 464-65 (1979) (finding, in a case involving employee and union grievances, that the First Amendment does not impose any affirmative obligation on the government to listen, to respond to grievances); <u>Minnesota</u>

-20-

State Bd. for Community Colleges v. Knight, 465 U.S. 271, 285 (1984)("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen to or respond to individuals' communications on public issues.").

While there are no binding cases directly on point in this Circuit, there are numerous unpublished decisions, which were entered after the PLRA was adopted, all of which find that prisoners do not have a constitutional right to prison grievance procedures, and that the existence of a grievance procedure does not confer onto an inmate any substantive constitutional rights. See, e.g. Heleva v. Kramer, 214 Fed. App'x. 244, 246 (3d Cir. 2007)(finding that obstruction of prison grievance procedures does not give rise to an independent claim as prisoners do not have a constitutional right to prison grievance procedures); Pressley v. Johnson, 268 Fed. App'x 181, 184 (3d Cir. 2008)(there is no due process right to a prison grievance procedure); Stronger v. Bureau of Prisons, 145 Fed. App'x 751, 753 (3d Cir. 2005)(the prison's failure to process of respond to the inmate's grievance did not violate his rights to due process and is not actionable).

In addition, other circuits have expressly held that prisoners do not have a constitutional right to prison grievance procedures. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)(collecting cases); Antonelli v. Sheahan, 81 F.3d 1422,

1430 (7th Cir. 1996)(a state's grievance procedure does not give rise to a liberty interest protected by the Due Process Clause); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal prison administrative remedy procedures do not "in and of themselves" create a liberty interest in that procedure."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (per curiam) (there is no legitimate claim of entitlement to a grievance procedure).

Here, Plaintiff alleges that Defendants Davis and/or Hicks failed to respond to her grievances, which amounts to gross negligence/indifference. See ECF No. 51 at 8, ¶¶ 33-34. However, there is no constitutionally protected interest with respect to inmate grievances. Accord Travillion, 248 F. App'x at 355; Burnside, 183 F. App'x at 416; Pressley, 266 F. App'x at 218; Brooks, 167 F. App'x at 925. Therefore, Count 2 of Plaintiff's Third Amended Complaint fails to state a claim for relief, as there is no federally secured right Plaintiff has been deprived of as required by 42 U.S.C. § 1983, and Count 2 should be dismissed with prejudice as to Defendants Davis and Hicks in their individual capacity.

**B. Count 2 should also be dismissed because moving defendants are entitled to qualified immunity**

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of

-22-

the challenged conduct." Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2014) (quoting Reichle v. Howards, 566 U.S. 658, 663 (2012)); see also Brown v. State, 230 N.J. 84, 97-98 (2017). It is "immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 237 (2009) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); see also Gormley v. Wood-El, 218 N.J. 72, 113 (2014).

Two questions must be answered in the affirmative before this protection is pierced: 1) whether the plaintiff has shown the violation of a constitutional right; and 2) was the right alleged to have been violated so clearly established that it would have been clear to a reasonable officer that his actions violated the law. Goodwin v. Conway, 836 F.3d 321, 327 (3d Cir. 2016); see also Saucier v. Katz, 533 U.S. 194, 206 (2001) (articulating the two-part test for determining whether government officials are entitled to qualified immunity). The dispositive question "in determining whether a right is clearly established is whether a reasonable official in the same situation would understand that his actions were unlawful." Morillo v. Torres, 222 N.J. 104, 118 (2015)(quoting Saucier, 533 U.S. at 202).

To answer this question, courts examine the legal precedent as it existed at the time the conduct occurred, to determine whether it would place a reasonable official on notice that his specific conduct violated the law. See Ashcroft v. al-Kidd, 563

U.S. 731, 741 (2011).  If there are no cases of controlling authority in the jurisdiction in question, or if there is a split on the question of whether an asserted right exists, the right cannot be clearly established for purposes of qualified immunity. See Wilson v. Layne, 526 U.S. 603, 618 (1999).

Plaintiff alleges a violation of due process with respect to the handling of inmate grievances.  However, as discussed at length above, there is no constitutionally protected interested in an inmate grievance, and the failure of a prison official to provide a favorable response, or any response at all does not establish a constitutional violation.  Accord Travillion, 248 F. App'x at 355; Burnside, 183 F. App'x at 416; Pressley, 266 F. App'x at 218; Brooks, 167 F. App'x at 925.  Thus, there is no controlling law establishing a clearly established right with respect to Count 2. Accordingly, moving defendants are entitled to qualified immunity, warranting the dismissal of Count 2.

## POINT V

**PLAINTIFF'S FREE EXERCISE CLAIMS UNDER BOTH 42 U.S.C. § 1983 AND THE NJCRA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF.**

Counts 10 and 11 of Plaintiff's Third Amended Complaint allege that Defendants Davis, and others, violated Plaintiff's right to freely exercise her religion by regularly prohibiting her from attending church services on Sundays.  See ECF No. 51 at 12-13, ¶¶

-24-

53-56.  Both counts, brought under both 42 U.S.C. § 1983 and the NJCRA respectively, should be dismissed because the minor limitation of Plaintiff's ability to exercise her religion on a particular day does not amount to a constitution violation based on the Turner factors.

Not every assertion of religious belief automatically triggers First Amendment protections.  To be accorded First Amendment protections, a plaintiff must meet two threshold requirements: (1) the alleged belief must be sincerely held, and (2) religious in nature. DeHart v. Horn, 227 F.3d 57, 51 (3d Cir. 2000)(citing United States v. Seeger, 380 U.S. 163, 185 (1965); Callahan v. Woods, 658 F.2d 679 (9th Cir. 1981)).  If that threshold is met, the Court will apply the four-fact test set forth in Turner v. Safley, 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to penological interests." Ibid.

The Tuner factors include: (1) whether there is a logical connection between the prison regulation and the asserted penological interest; (2) whether alternative means of exercising the religious right in question remain open to inmates; (3) the impact the accommodation of the right in question would have on the guards, other inmates, and on the allocation of prison resources; and (4) whether any policy alternatives exist that would

accommodate the right in question at *de minimis* cost to the prison.
Ibid.

Here, the balance of the Turner factors establish that the
limited curtailment of Plaintiff's ability to practice her
religious beliefs on Sundays was reasonable.  First, Plaintiff was
not entirely restricted from exercising her religious beliefs.
She was given the opportunity to do so on Tuesdays, rather than
Sundays.  See ECF No. 51 at 12, ¶¶ 53-54.  Because the restrictions
did not prevent her from altogether exercising, it demonstrates
that the policy was meant to address penological concerns, rather
than restricting religious practice.  Thus, the first Turner factor
weighs in favor of reasonableness.

The second Turner factor also weighs in favor of
reasonableness.  Alternative means of exercise remained available
to Plaintiff, as she was permitted time on Tuesdays to practice
her religious beliefs.  Id. at 12, ¶ 53.

The third factor does not apply here, because Plaintiff has
not suggested an alternative accommodation that defendants could
have used, and Plaintiff is no longer incarcerated.  Finally, as
to the fourth factor, the Court should find that there are no
additional policy alternatives that would accommodate Plaintiff's
right at *de minimis* cost because she has not provided a proposed
alternative, much less, one that would be accomplished at a *de*

-26-

*minimis* cost.   Thus, the Tuner factors weigh in favor of reasonableness.

The dismissal of Plaintiff's free exercise claims is not premature.   The burden is not on the state to prove the validity of challenged prison regulations, but it is on the prisoner to disprove it.   Williams v. Morton, 343 F.3d 212, 217 (3d Cir. 2000)(citing Overton v. Bazzetta, 539 U.S. 129, 259 (2003)). Plaintiff has not pleaded a valid claim for relief.

It is well-settled that prisons "should be accorded wide-ranging deference in the adoption and execution of policies and practice that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547-48 (1979).   In Turner, the Supreme Court held that a prison regulation which impinged on an inmate's constitutional rights would be considered valid if it was reasonably related to legitimate penological interests.   482 U.S. at 89.   Those interests include: deterrence of crime, rehabilitation, and institutional security.   O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (superseded by statute unrelated to the argument on legitimate penological interests).

Plaintiff has not alleged, nor can she show, that she was prevented from exercising her religious beliefs without justification.   Considering the Turner factors, there is a legitimate rational connection between the restriction on the day

that Plaintiff could exercise her religious and penological interest. Prisons must accommodate all prisoners' religious needs, not just Plaintiff's, while also maintaining the safety and security of all inmates in the prison. Accordingly, they must develop schedules to accommodate all prisoners, which include a variety of religious needs, and must also consider both the designated space where the prisoners' religion can be practiced, and the available staff for supervision. Maintaining a prison's internal order and security is one of the most important penological interests. See, e.g., Fraise v. Terhune, 283 F.3d 506, 517-18 (3d Cir. 2002). Thus, the specific schedule allowing Plaintiff to practice on Tuesdays, which was done to accommodate all religions while maintaining safety and security of all inmates, is an important penological interest.

The policy restricting Plaintiff to exercise her religion on Tuesdays is also neutral, as it equally applies to all inmates, not just Plaintiff. Plaintiff was not simply denied the ability to exercise her religion, but instead, the prison provided her alternative means, as she was able to visit the chapel on Tuesdays instead of Sundays. See ECF No. 51 at 12, ¶¶ 53-54. Plaintiff does not allege that the prison inhibited her from practicing her religion generally, just that she was unable to practice on Sundays, but she has provided no alternative accommodation that Defendants could have used that would have accommodated her at a

-28-

*de minimis* cost to the penological interests.  <u>Ibid.</u>  Thus, the <u>Turner</u> factors weigh in favor or reasonableness, and Counts 10 and 11 of Plaintiff's Third Amended Complaint should be dismissed as to Defendant Davis.

In sum, the <u>Turner</u> factors largely weigh in favor of reasonableness, and Plaintiff has not pleaded facts sufficient to establish any unreasonable infringement on Plaintiff's First Amendment rights.  Accordingly, Counts 10 and 11 of Plaintiff's Third Amended Complaint should be dismissed as to Defendant Davis.

<u>**POINT VI**</u>

**PLAINTIFF'S REMINING CLAIMS UNDER SECTION 1983 AND THE NJCRA SHOULD BE DISMISSED AGAINST MARCUS HICKS, AS NEITHER STATUTE PERMITS CLAIMS BASED SOLELY ON RESPONDEAT SUPERIOR LIABILITY.**

Claims arising under 42 U.S.C. § 1983 cannot survive when predicated solely upon a theory of respondeat superior liability. <u>Jimenez v. New Jersey</u>, 245 F. Supp. 2d 584, n.3 (D.N.J. 2003) (citing <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981)).  Rather, to impose liability, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 527, n.3 (1981); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 182 (3d. Cir. 1976)).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  <u>Ibid.</u>  Such personal

involvement must be pleaded with particularity.  <u>Ibid.</u>  Government officials may not be held liable for unconstitutional conduct of their subordinates purely under a theory of respondeat superior liability.  <u>Ashcroft</u>, 556 U.S. at 676.

None of Plaintiff's claims under Section 1983 allege direct or personal involvement by Marcus Hicks.   In fact, Count 12, specifically alleges that he is liable for the conduct of the other defendants as alleged in Counts 1-9 of the Third Amended Complaint. <u>See</u> ECF No. 51 at 13, ¶ 57.  To the extent that Hicks is named in Counts 2 of the Third Amended Complaint, that claim fails, as set forth above. Plaintiff has not pleaded facts as to any direct actions taken by or specific knowledge possessed by Hicks, such that he had any direct personal involvement with any of the claims therein.  <u>See</u> ECF No. 51 at 7-12.  Because claims under Section 1983 cannot be sustained based solely on respondeat superior liability, and Plaintiff has not alleged any direct personal involvement or actual knowledge/acquiescence by Hicks or 1, 2, and 12 should be dismissed as to him.

As with Section 1983 claims, claims arising under the NJCRA cannot be predicated solely upon a theory of respondeat superior. <u>Accord</u> <u>Jimenez</u>, 245 F. Supp. 2d at 586, n.3.  Plaintiff has not alleged any direct or personal involvement by Hicks with respect to the circumstances underlying her NJCRA claims.  She has not alleged, nor can she show any actual knowledge or participation by

moving defendants.  Because Hicks lacks the personal involvement, knowledge and/or acquiescence, as required to sustain a claim against him under the NJCRA, Count 12 should be dismissed as to him.

### POINT VII

**TO THE EXTENT ANY OF PLAINTIFF'S THIRD AMENDED COMPLAINT SURVIVES AS TO HICKS, PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES SHOULD BE DISMISSED.**

To recover punitive damages under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant's conduct was motivated by an "evil motive or intent." See, e.g., Smith v. Wade, 461 U.S. 30, 56 (1983).  Likewise, punitive damages can be awarded were the conduct alleged involves "reckless or callous indifferences to the federally protected rights of others."  See Coleman v. Kaye, 87 F.3d 1491, 1497 (3d Cir. 1996) (quoting Smith, 461 U.S. at 56). The purpose of punitive damages is to deter or punish egregious constitutional violations.  See Allah v. Al-Hafeez, 226 F.3d 247, 252 (3d Cir. 2000).

Likewise, courts will not award punitive damages under the NJCRA absent "clear and convincing evidence, that the harm suffered was the result of defendant's acts or omissions, and such acts or omissions were actuated by actual malice or an accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions."  N.J.S.A. 2A:15-5.12(a).  In

assessing whether punitive damages are appropriate, the court will consider:

> (1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;
>
> (2) The defendant's awareness of reckless disregard of the likelihood that serious harm at issue would arise from the defendant's conduct;
>
> (3) The conduct and the defendant upon learning that its initial conduct would likely cause harm; and
>
> (4) the duration of the conduct or any concealment of it by the defendant.
>
> [N.J.S.A. 2A:15-5.12(b).]

Here, Plaintiff has alleged no facts which support a finding that Hicks had any specific knowledge of the allegations set forth in the Third Amended Complaint, let alone that he took any action or inaction related to Plaintiff. See, generally, ECF No. 51. As discussed at length above, Plaintiff does not claim to have filed any specific grievances that were addressed or ignored by either Defendant Hicks, nor does she claim that she received any specific responses from either. Plaintiff does not claim that she ever personally spoke to Hicks, nor has she pleaded facts to suggest how he could have obtained knowledge of any of the allegations in Plaintiff's Third Amended Complaint. In addition, Plaintiff largely seeks to hold Hicks liable for the wrongdoing of the other defendants, rather than any specific or direct wrongdoing

-32-

themselves.  See, e.g., ECF No. 51 at 13, ¶ 7.  As discussed above, neither claims under 1983 nor the NJCRA can be sustained on this basis alone, let alone warrant the imposition of punitive damages.

Reviewing the facts, as alleged by Plaintiff, in the light most favorable to Plaintiff, nothing in the Third Amended Complaint supports a finding of actual malice, wanton or willful disregard, evil intent, or callous indifference by Hicks, given his lack of knowledge or personal involvement.  See Allah, 226 F.3d at 252.  Thus, punitive damage are unwarranted for Plaintiff's claims under 42 U.S.C. § 1983.  Accord Coleman, 87 F.3d at 1497 (quoting Smith, 461 U.S. at 56).  Likewise, the factors for assessing punitive damages under N.J.S.A. 2A:15-5.12 do not establish even a preliminary showing that would warrant punitive damages as to Plaintiff's NJCRA claims.  Accordingly, to the extent that any of the claims of the Third Amended Complaint survive, and those claims seek punitive damages against Hicks, they should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Hicks and Davis respectfully request this Court dismiss Plaintiff's Third Amended Complaint, as to them.

Respectfully submitted,

JEREMY M. FEIGENBAUM
ACTING ATTORNEY GENERAL

By:  */s/ Niccole L. Sandora*
Niccole L. Sandora
Deputy Attorney General

**Dated:** May 11, 2022

-34-