**Dawn Attwood**
Member of the Firm
dattwood@pashmanstein.com
Direct: 201.270.4942

**PashmanStein**
**WalderHayden**
A Professional Corporation

May 23, 2022

**Via Electronic Filing**
Hon. Michael A. Shipp, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 6E
Trenton, New Jersey 08608

      Re:    **Gibson v. Valvano, et al.**
              **Docket No. 3:21-cv-03150-MAS-TJB**

Dear Judge Shipp:

      This firm represents defendant Sgt. Francis Cascarelli in the above-referenced matter. Please accept this letter in lieu of a more formal brief in support of Sgt. Cascarelli's Motion to Dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). We are in receipt of the Motions to Dismiss filed on behalf of codefendants Marcus Hicks and Sarah Davis (ECF No. 57), as well as codefendants Robin Keller, Joseph Riotto, Diana Torres and Kevin Perez (ECF No. 58). As the arguments raised in those motions largely apply with equal force to Sgt. Cascarelli, we incorporate the arguments set forth therein.

**STATEMENT OF FACTS**

      This matter arises from events that are alleged to have occurred while plaintiff was incarcerated at Edna Mahan Correctional Facility for Women from on around July 1, 2015 to July 3, 2020 (ECF No. 51 at ¶ 6). Similar to defendants Riotto, Torres and Perez, Sgt. Cascarelli was a corrections officer at Edna Mahan Correctional Facility for Women at times relevant to the allegations of plaintiff's Third Amended Complaint (ECF No. 51 at ¶ 6). As all other individual defendants, Sgt. Cascarelli is named as a defendant individually and in his official capacity as a

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

PashmanStein
WalderHayden
A Professional Corporation

corrections officer with the State of New Jersey Department of Corrections.  Plaintiff alleges that she was physically assaulted by correction officers including Sgt. Cascarelli (Id. at ¶¶ 21, 22). Plaintiff specifically alleges that Sgt. Cascarelli physically assaulted her on or about November 5, 2019 (Id. at ¶ 23).

Plaintiff does not set forth any other specific allegations against Sgt. Cascarelli in the Third Amended Complaint.  Rather, plaintiff generally alleges that she was subjected to physical, verbal, and psychological abuse of which all defendants were aware through the prison grievance procedure (Id. at ¶¶ 15-16).  She further alleges that her grievances went unanswered or were denied.  Id.  Plaintiff further broadly alleges that defendants engaged in a conspiracy to deprive her of due process, deprived her of procedural due process rights, denied her the opportunity to petition the government for redress of grievances, subjected her to cruel and unusual punishment in failing to provide adequate medical care, and infringed on her right to freely exercise her religion.  (Id. at ¶¶ 31-57).  As to the infringement on her right to freely exercise religion, plaintiff alleges she was offered to visit the chapel on Tuesdays rather than on Sundays, as she believed was necessary in her faith.  (Id. at ¶¶ 53, 55).

## ARGUMENT

### POINT I

### CLAIMS ASSERTED AGAINST SGT. CASCARELLI IN HIS "OFFICIAL CAPACITY" MUST BE DISMISSED.

As previously discussed, Sgt. Cascarelli is named as a defendant individually and in his official capacity in the Third Amended Complaint.  For the reasons set forth in the moving papers of the other codefendants, all claims asserted against Sgt. Cascarelli in his "official capacity" are subject to dismissal since he is not considered a "person" under 42 U.S.C. § 1983 or the New

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

May 23, 2022
Page 3



Jersey Civil Rights Act, N.J.S.A. 10:6-2 ("NJCRA").  Sgt. Cascarelli joins in those arguments and incorporates them by reference herein.  (ECF No. 57 at 5, Point I; ECF No. 58 at 10, Point IIIB).

## POINT II

### PLAINTIFF'S CONSPIRACY CLAIM PURSUANT TO 42 U.S.C. § 1985 FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In the First Count of the Third Amended Complaint, plaintiff asserts a claim of "Conspiracy to deprive Plaintiff of due process, 42 U.S.C. 1985."   For the reasons set forth in the moving papers of the codefendants, the First Count fails to state a viable claim for relief since plaintiff has not alleged a class-based discriminatory animus.  Sgt. Cascarelli joins in those arguments and incorporates them by reference herein.  (ECF No. 57 at 10, Point II; ECF No. 58 at 11, Point IIIC).

## POINT III

### THE SIXTH AND SEVENTH COUNTS OF THE THIRD AMENDED COMPLAINT MUST FAIL SINCE PLAINTIFF HAS NOT PLAUSIBLY ALLEGED A SUFFICIENT NEXUS BETWEEN HER GRIEVANCES AND SGT. CASCARELLI'S ALLEGED CONDUCT .

In the Sixth Count of the Third Amended Complaint, plaintiff claims that her First Amendment rights were violated by virtue of defendants retaliating against her for submitting unspecified grievances.  The Seventh Count asserts a similar claim pursuant to the NJCRA.  For the reasons set forth in the moving papers of the codefendants, the Sixth and Seventh Counts fail to state a viable claim for relief against Sgt. Cascarelli since plaintiff has not sufficiently pled a nexus between specific grievances and any alleged retaliatory acts attributable to this defendant. Sgt. Cascarelli joins in those arguments and incorporates them by reference herein.  (ECF No. 58 at 23, Point IIIG).

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

May 23, 2022
Page 4



**POINT IV**

**PLAINTIFF'S CLAIM OF INADEQUATE MEDICAL CARE PURSUANT TO BOTH 42 U.S.C. § 1983 AND THE NJCRA FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED IN LIGHT OF HER FAILURE TO EXHAUST ADMINSTRATIVE REMEDIES AND THE ABSENCE OF ANY ALLEGATION OF SGT. CASCARELLA'S PERSONAL INVOLVEMENT.**

In the Eighth Count of the Third Amended Complaint, plaintiff asserts a claim pursuant to

42 U.S.C. § 1983 for the deprivation of her Eighth Amendment rights, alleging that she was

provided inadequate medical care while incarcerated.  The Ninth Count asserts a similar claim

pursuant to the NJCRA.  For the reasons set forth in the moving papers of the codefendants, both

Counts fail to state a viable claim for relief since plaintiff has not exhausted her administrative

remedies.  Moreover, there is no allegation in the Third Amended Complaint that Sgt. Cascarelli

was personally involved in the alleged denial of medical care.   Sgt. Cascarelli joins in the

arguments of the codefendants and incorporates them by reference herein.  (ECF No. 57 at 13,

Point III; ECF No. 58 at 25, Point IIIH).

**POINT V**

**THE TENTH AND ELEVENTH COUNTS OF THE THIRD AMENDED COMPLAINT SHOULD BE DISMISSED SINCE PLAINTIFF HAS NOT ADEQUATELY ALLEGED A VIOLATION OF HER RIGHT TO FREE EXERCISE.**

In the Tenth and Eleventh Counts of the Third Amended Complaint, plaintiff claims that

her First Amendment right to free exercise was violated, pursuant to 42 U.S.C. 1983 and the

NJCRA.   For the reasons set forth in the moving papers of the codefendants, those Counts fail to

state a viable claim for relief since, even accepting plaintiff's allegations as true, she has not alleged

a sufficient curtailment of her First Amendment rights to maintain such a claim.  Sgt. Cascarelli

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

May 23, 2022
Page 5



joins in those arguments and incorporates them by reference herein.  (ECF No. 57 at 24, Point V;

ECF No. 58 at 18, Point IIIF).

## <u>CONCLUSION</u>

For all the foregoing reasons, incorporating the arguments asserted on behalf of co-defendants, Sgt. Cascarelli respectfully requests that his Motion to Dismiss be granted.

Respectfully submitted,

PASHMAN STEIN WALDER HAYDEN, PC.

By:  s/ Dawn Attwood
Dawn Attwood
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
Phone: 201-270-4942
Email: dattwood@pashmanstein.com
*Attorneys for Defendant Sgt. Francis Cascarelli*

cc: All Counsel of Record (via electronic filing)