**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BRIEAUNA GIBSON,

*Plaintiff,*

v.

ANTHONY VALVANO, AMIR BETHEA, KELLY BURLIAN, DIANA TORRES, JOSEPH RIOTTO, FRANCIS CASCARELLI, SCO f/n/u GREEN a/k/a BASKERVILLE, KEVIN PEREZ, SEAN ST. PAUL, SARAH DAVIS, ROBIN KELLER, MARCUS HICKS, COMMISSIONER OF THE STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS and JOHN DOES 1 TO 10, all individually and in their official capacities as New Jersey Department of Corrections officers and/or employees

*Defendants.*

Civ. No.: 2:21-cv-03150

Civil Action

# REPLY BRIEF OF DEFENDANTS, ROBIN KELLER, JOSEPH RIOTTO, DIANA TORRES, AND KEVIN PEREZ, IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
(856) 795-2121
*Attorneys for Defendants, Robin Keller, Joseph Riotto, Diana Torres, and Kevin Perez*

By: John C. Connell, Esq. (ID # 028631986)
Daniel J. DeFiglio, Esq. (ID# 117842014)

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........ ii

I. Introduction ........ 1

II. Combined Statement of Facts and Procedural History ........ 2

III. Argument ........ 2

A. The Moving Defendants Accept Plaintiff's Concessions ........ 2

B. Plaintiff's opposition confirms that her Section 1985 conspiracy claim fails as a matter of law. (First Count). ........ 2

C. Plaintiff's opposition confirms why she cannot assert a procedural due process claim (Second Count). ........ 5

D. Plaintiff fails to respond to the Moving Defendants arguments regarding her Free Exercise Claims (Tenth & Eleventh Counts). ........ 8

E. Plaintiff's opposition further proves why her retaliation claims should be dismissed (Sixth & Seventh Counts). ........ 11

F. Plaintiff has failed to allege that the Moving Defendants were "personally involved" in the denial of her medical care (Eighth and Ninth Counts). ........ 12

IV. Conclusion ........ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B.C. v. Div. of Child Prot. & Permancency*,
No. CV183220MASLHG, 2022 WL 228300 (D.N.J. Jan. 25, 2022) .......... 6

*Abdul-Akbar v. McKelvie*,
239 F.3d 307 (3d Cir. 2001) .......... 4

*Alexander v. Hall*,
No. 4:20-CV-21-DMB-JMV, 2021 WL 5097586 (N.D.Miss. Nov. 2, 2021) .......... 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 11, 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 11

*Belt v. Fed. Bureau of Prisons*,
336 F.Supp.3d 428 (D.N.J. 2018) .......... 5

*Burns v. PA Dep't of Correction*,
544 F.3d 279 (3d Cir. 2008) .......... 7

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005) .......... 3

*Farese v. Scherer*,
342 F.3d 1223 (11th Cir. 2003) .......... 4

*Hill v. Borough of Kutztown*,
455 F.3d 225 (3d Cir. 2006) .......... 6, 7

*Hollister v. U.S. Postal Serv.*,
142 F. App'x 576 (3d Cir. 2005) .......... 10

*Italian Am. One Voice Coal. v. Twp. of W. Orange*,
No. 2:20-CV-12650, 2021 WL 3260855 (D.N.J. July 30, 2021) .......... 7

*Johnson v. Daley*,
339 F.3d 582 (7th Cir. 2003) (en banc) .......... 4

*Kokinda v. Pennsylvania Dep't of Corr.*,
No. 2017 WL 4049255 (W.D. Pa. Aug. 29, 2017) .......... 4

*Person v. Teamster Local Union 863*,
2013 WL 5676802 (D.N.J. Oct. 17, 2013) .......... 11

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008) .......... 3

*Ranke v. Sanofi-Synthelabo Inc.*,
436 F.3d 197 (3d Cir. 2006) .......... 3, 12

*Rode v. Dellarcriprete*,
845 F.2d (3d Cir. 1988) .......... 9

*Rojas v. Brinderson Constructors Inc.*,
567 F.Supp.2d 1205 (C.D.Cal. 2008) .......... 3

*Ross v. Blake*,
578 U.S. 632 (2016) .......... 8

*Spruill v. Gillis*,
372 F.3d 218 (3d Cir. 2004) .......... 14

*Taylor v. Dist. Att'ys Off.*,
802 F. App'x 701 (3d Cir.), *cert. denied sub nom. Taylor v. Pennsylvania*, 141 S.Ct. 121, 207 L.Ed.2d 1057 (2020) .......... 13

*Vicente v. Johnson & Johnson*,
No. CV201584KMJBC, 2020 WL 7586907 (D.N.J. Dec. 21, 2020), *amended,* No. CV201584KMJBC, 2021 WL 2328159 (D.N.J. June 7, 2021) .......... 10

*Weber v. Little*,
No. CV 18-867 (MN), 2021 WL 810362 (D.Del. Mar. 3, 2021), *reconsideration denied*, No. CV 18-867 (MN), 2022 WL 610680 (D.Del. Jan. 21, 2022) .......... 4

*Weir v. Nix*,
114 F.3d 817 (8th Cir. 1997) .......... 9

*Williams v. Armstrong*,
566 F. App'x 106 (3d Cir. 2014) .......... 5

**Statutes**

Prison Litigation Reform Act .......... 8

**Other Authorities**

Eighth Amendment .......... 14

Fourteenth Amendment .......... 6

Federal Rule Civil Procedure 12(b)(6) .......... 1, 3, 11, 12

## I. Introduction

Plaintiff Brieauna Gibson's opposition confirms why her claims against Defendants Robin Keller, Joseph Riotto, Diana Torres, and Kevin Perez ("the Moving Defendants") must be dismissed. Specifically, Plaintiff admits in her opposition that she "has no specific knowledge as to the role of any Defendant" in her claims, but argues that dismissal is premature because discovery may later reveal facts to substantiate her unsupported theories.

The Supreme Court had made clear that Federal Rule Civil Procedure 12(b)(6) is designed for circumstances just like these; namely, where plaintiffs attempt to use discovery as a chance to ride roughshod in the hope that their claims may find support. Thus, for the reasons set forth in their moving brief, and those discussed more fully herein, the Moving Defendants respectfully request that Plaintiff's claims as to them be dismissed.

## II. Combined Statement of Facts and Procedural History

The Moving Defendants repeat and incorporate, as if set forth at length herein, the combined Statement of Facts and Procedural History set forth in their moving brief.

## III. Argument

### A. The Moving Defendants Accept Plaintiff's Concessions.

In her opposition Plaintiff concedes that her "official capacity" claims against the Moving Defendants, as well as Count 12 – asserting a claim of *respondeat superior* against Defendant Keller – fail as a matter of law. Pb1,2. The Moving Defendants accept these concessions and respectfully request these claims be dismissed, with prejudice.

### B. Plaintiff's opposition confirms that her Section 1985 conspiracy claim fails as a matter of law. (First Count).

Plaintiff's opposition concedes that her First Count fails to allege a specific factual predicate necessary to establish a 'conspiracy' under Section 1985, but claims that it should not be dismissed because she "has had no opportunity to conduct discovery." *See* Pb2 ("Plaintiff is not in a position to allege specifically what any specific individual did in furtherance of the conspiracy"). This concession alone is a sufficient basis to dismiss Plaintiff's claim because it is well-established that "it is

plaintiffs' duty to investigate and discover the factual bases of their claims before filing a complaint; discovery is not an open range for plaintiffs to ride roughshod in the hope that their claims may find support." *Rojas v. Brinderson Constructors Inc.*, 567 F.Supp.2d 1205, 1212 (C.D.Cal. 2008); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that plaintiffs may not file a lawsuit "with only [a] faint hope that the discovery process might lead eventually to some plausible cause of action"); *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) (cautioning that courts should not permit parties "to conduct a fishing expedition in order to find a cause of action" and affirming the District Court's Rule 12(b)(6) dismissal).

But the Court may dismiss Plaintiff's claim (this time, with prejudice) for another, independent reason. That is, contrary to Plaintiff's argument, numerous courts (including the Third Circuit) have held that prisoners are not a suspect or quasi-suspect class,[1] and

[1]Plaintiff does not allege that she was treated differently from others who were similarly situated. Thus, she may also not assert a "class of one" theory under any set of facts. *See Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant

thus are afforded no protection under Section 1985. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 317 (3d Cir. 2001) ("Neither prisoners nor indigents are suspect classes"); *Kokinda v. Pennsylvania Dep't of Corr.,* No. 2017 WL 4049255, at *3 (W.D. Pa. Aug. 29, 2017) (summarily dismissing a former prisoner's Section 1985 claims and noting that, among other categories, "'litigious prisoners,' [and] prisoners 'exercising constitutional rights,'" are not classes of people entitled to protection under Section 1985), *report and recommendation adopted*, No. 216CV01457MRHCRE, 2017 WL 4046347 (W.D.Pa. Sept. 12, 2017), *aff'd*, 779 F. App'x 938 (3d Cir. 2019) (affirming summary dismissal of Section 1985 claims, among others).[2] Thus, Plaintiff's Section 1985 claim fails as a matter of law and should be dismissed, with prejudice.

---

did so intentionally, and (3) there was no rational basis for the difference in treatment").

[2]*See also Weber v. Little*, No. CV 18-867 (MN), 2021 WL 810362, at *8 (D.Del. Mar. 3, 2021) (dismissing prisoner's Section 1985 conspiracy claim and explaining that "prisoners" do not "constitute a protected class for Fourteenth Amendment purposes"), *reconsideration denied*, No. CV 18-867 (MN), 2022 WL 610680 (D.Del. Jan. 21, 2022); *Farese v. Scherer*, 342 F.3d 1223, 1229 n.7 (11th Cir. 2003) ("prisoners are neither a class offered special protection under the equal protection clause nor a class that Congress intended to protect when it enacted §1985(3)"); *Johnson v. Daley*, 339 F.3d 582, 585-86 (7th Cir. 2003) (en banc) ("Prisoners are not a suspect class"); *Alexander v. Hall,* No. 4:20-CV-21-DMB-JMV, 2021 WL 5097586, at *5 (N.D.Miss. Nov. 2,

**C. Plaintiff's opposition confirms why she cannot assert a procedural due process claim (Second Count).**

In an attempt to side-step the Moving Defendants' arguments, Plaintiff claims that the law cited in the Moving Defendants' brief is "irrelevant" and, further, that she has adequately pled a denial of her right to "procedural due process." Pb2. Plaintiff's argument misses the point entirely.

Plaintiff's Third Amended Complaint (and now, her brief in opposition to the present motion) alleges that the Moving Defendants "ignored, abused, and otherwise ... [rendered] meaningless" her grievance "process." Pb2. However, as Defendants noted in their moving papers, that "process" is not a protectible constitutional interest (*i.e.*, a recognized "liberty" or "property" interest). *See Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014) (affirming the District Court's dismissal of an inmate's Section 1983 claims premised upon, among other things, allegations that the defendants "sought to cover up any wrongdoing by not processing the grievance and violating Plaintiff [sic] rights to exhaust grievances"); *see also Belt v. Fed. Bureau of Prisons*,

2021) (dismissing prisoners' Section 1985 conspiracy claim and noting that "[u]nder Fifth Circuit precedent, such allegations are insufficient to state a claim under §1985(3)").

336 F.Supp.3d 428, 436 (D.N.J. 2018) ("any attempt by Plaintiff to establish liability against the Defendants based upon their handling of his administrative grievances or complaints does not support a constitutional claim").[3]

This is important because "[t]o establish a *procedural due process* claim under §1983, plaintiffs must show that (1) they were deprived of an individual interest of liberty or property encompassed within the Fourteenth Amendment; and (2) the procedures used by the State to effect this deprivation were constitutionally inadequate." *A.B.C. v. Div. of Child Prot. & Permancency*, No. CV183220MASLHG, 2022 WL 228300, at *3 (D.N.J. Jan. 25, 2022) (emphasis added) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)).

Thus, because: (1) the aforementioned grievance "process" is not a protected "right;" and (2) Plaintiff's Third Amended Complaint does not identify any other "interest of liberty or property encompassed within the Fourteenth Amendment" *see A.B.C. v. Div. of Child Prot. & Permancency*, 2022 WL 228300, at *3, her claim must fail.

---

[3] Plaintiff does not appear to dispute this point. *See* Pb3 (noting that this is "an accurate, but irrelevant, statement").

Eliding this point, Plaintiff appears to argue that, because she has used the term "procedural due process," her allegations are sufficient. *See* Pb3 ("The Constitutional right violated is the right to procedural due process"). But that does not satisfy the pleading requirements for a constitutional violation. That is, the mere invocation of the term "procedural due process" does not eliminate the requirement that Plaintiff actually identify a protectible constitutional right to proceed. *Italian Am. One Voice Coal. v. Twp. of W. Orange*, No. 2:20-CV-12650, 2021 WL 3260855, at *4 (D.N.J. July 30, 2021) (dismissing plaintiff's procedural due process claim because it failed to identify a protectible property interest); *see also Burns v. PA Dep't of Correction*, 544 F.3d 279, 285 (3d Cir. 2008).

In this way, Plaintiff's argument departs from established precedent and should be rejected. *See, e.g., Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (dismissing a procedural due process claim because plaintiff "lacked a property interest ... 'sufficient to

trigger due process concerns'"). The Moving Defendants respectfully request this Count be dismissed, with prejudice.[4]

**D. Plaintiff fails to respond to the Moving Defendants arguments regarding her Free Exercise Claims (Tenth & Eleventh Counts).**

Plaintiff next argues that her Tenth and Eleventh Counts should survive dismissal because "Defendants' arguments against it are, at best, conclusory and without any factual basis ***in the record,*"** and,

---

[4]Plaintiff cites *Ross v. Blake*, 578 U.S. 632 (2016) for the proposition that "[w]here 'prison administrators thwart[ed] inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation', a claim for denial of due process could be viable." Pb2.

While *Ross* does contain the words which Plaintiff quotes, it is unclear how they advance her argument. *Ross* examined whether there were "special circumstances" which would excuse a prisoner from exhausting their claims under the Prison Litigation Reform Act. SCOTUS unequivocally said "no" (even as applied to constitutional claims), but recognized there may be instances where a prisoner does not have a legitimate exhaustion mechanism "available" to them. *See Ross*, 578 U.S. at 642 ("[O]ur rejection of the Fourth Circuit's "special circumstances" exception does not end this case—because the PLRA contains its own, textual exception to mandatory exhaustion"). The section Plaintiff quotes refers to one of those instances, where an exhaustion mechanism may not be "available."

But that is not the issue here. Rather, the issue here is whether Plaintiff has sufficiently alleged a cause of action for procedural due process (which she has not). *Ross* did not address that issue and thus does nothing to prevent dismissal.

further, that there are numerous "strictly factual questions" regarding defendant NJDOC's rule or policy. Pb3. Plaintiff's argument again misses the mark.

The Moving Defendants did not specifically[5] make any arguments about the NJDOC's policy. Rather, the Moving Defendants principally argued that: (1) Plaintiff failed to allege that the Moving Defendants were personally involved in the specific decision to require her to attend services on Tuesdays, as opposed to Sundays, *see Rode v. Dellarcriprete,* 845 F.2d at 1207 (3d Cir. 1988) (instructing that individual liability must be predicated on personal involvement); and (2) even if she had sufficiently alleged personal involvement (which she has not), the Moving Defendants were entitled to qualified immunity, because the specific right at issue was not "clearly established," (*e.g.,* the Moving Defendants did not have fair notice that their (unidentified) actions were improper), *Weir v. Nix*, 114 F.3d 817, 821 (8th Cir. 1997) (finding no substantial burden for purposes of a Free Exercise Claim because

---

[5]The Moving Defendants did, however, incorporate certain legal arguments of co-defendants Marcus Hicks and Sarah Davis, and continue to do so here. Thus, Plaintiff's claims should also be dismissed for the reasons set forth in these co-defendants' July 18, 2022 reply brief.

the prison held religious services for practicing fundamentalist Christian inmate on Fridays as opposed to Sundays).

Notably, Plaintiff has failed to respond to either of these arguments. That is: (1) Plaintiff has failed to point to any facts directly linking the Moving Defendants (*e.g.*, Keller, Torres, Perez or Riotto) to the specific alleged deprivation; and (2) Plaintiff has failed to point to ***any*** authority – much less a consensus among the circuits – that the specific conduct at issue violated a "clearly established" right. The Moving Defendants therefore reincorporate their previous arguments and respectfully request these claims be dismissed, with prejudice. *See Vicente v. Johnson & Johnson*, No. CV201584KMJBC, 2020 WL 7586907, at *14 (D.N.J. Dec. 21, 2020) ("Plaintiff's opposition brief does not address Defendants' argument the Amended Complaint fails to allege sufficient facts to support the express warranty claim. Thus, Plaintiff is deemed to have waived that point"), *amended,* No. CV201584KMJBC, 2021 WL 2328159 (D.N.J. June 7, 2021); *see also Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) ("Because Hollister failed to respond in any way to the USPS's second motion to dismiss, the District Court did not err in treating the USPS's

motion to dismiss as unopposed"); *Person v. Teamster Local Union 863*, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver").

**E. Plaintiff's opposition further proves why her retaliation claims should be dismissed (Sixth & Seventh Counts).**

Plaintiff's opposition as to the Sixth and Seventh Counts again does not address the Moving Defendants' primary argument (*e.g.,* a lack of causal link between the Moving Defendants and the specific grievances at issue), but instead argues that dismissal is premature because discovery has not started and "Plaintiff has no specific knowledge as to the role of any Defendant in the handling of her grievances." Pb3-4

To merely repeat Plaintiff's argument is to show why her claims against the Moving Defendants should be dismissed. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient ***factual*** matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, Plaintiff may not simply lodge

"an unadorned, 'the-defendant-unlawfully-harmed-me accusation,'" *see id.*, to defeat dismissal under Rule 12(b)(6).

Yet, by her own admission, Plaintiff has done just that: namely, admit in her opposition that she has "no specific knowledge as to the role of any Defendant in the handling of her grievances," yet claim – "unadorned" – that each of the Moving Defendants "unlawfully-harmed-her." As noted, such allegations are facially deficient and should be dismissed. *See Ranke*, 436 F.3d at 204 (cautioning that courts should not permit parties "to conduct a fishing expedition in order to find a cause of action" and affirming the District Court's Rule 12(b)(6) dismissal).

**F. Plaintiff has failed to allege that the Moving Defendants were "personally involved" in the denial of her medical care (Eighth and Ninth Counts).**

Finally, Plaintiff argues that her Eighth and Ninth Counts should not be dismissed because there is "at least a question of fact raised by the pleadings as to the availability of meaningful grievance procedures and whether Plaintiff attempted to use those procedures." Pb4. Plaintiff also argues that dismissal is improper because the NJCRA does not

require exhaustion of remedies, and because she did, in fact, allege her injuries were serious. Pb4.

Plaintiff has once again failed to address the substance of the Moving Defendants' arguments. The Moving Defendants primarily argued that the Eighth and Ninth Counts should be dismissed because she "failed to allege sufficient facts that any of the Moving Defendants participated in the alleged denial of adequate medical care." *See* Moving Defendants May 12, 2022 Brief at 25-26, ECF Dkt. 58-1. Thus, even if Plaintiff's injuries were "serious," and the NJCRA does not require exhaustion, the Third Amended Complaint as to the Moving Defendants should be dismissed because it does not allege a plausible claim for denial of medical care against them. *See Taylor v. Dist. Att'ys Off.*, 802 F. App'x 701, 706 (3d Cir.) (affirming the District Court's dismissal for failure to allege personal involvement in the purported denial of medical care), *cert. denied sub nom. Taylor v. Pennsylvania*, 141 S.Ct. 121, 207 L.Ed.2d 1057 (2020). Again, the Moving Defendants are non-medical correctional staff, *see* TAC ¶6 (identifying Perez, Torres and Riotto as "Corrections Officers" and Keller as an "Assistant Administrator[]"), who Plaintiff has failed to link to any specific request

for medical attention. Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner" the Moving Defendants "will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference," *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); meaning, Plaintiff's claims against them fail.

## IV. Conclusion

Based on the foregoing, and the arguments set forth in the Moving Defendants' moving brief, the Moving Defendants respectfully request: (1) all claims against Defendant Keller (Counts 1,2, 7-12), Perez (Count 1) and Riotto (Counts 1, 4-11) by dismissed, with prejudice; and (2) Counts 1 and 6-11 against Defendants Perez and Torres be dismissed with prejudice, leaving only Counts 4 and 5 as to defendants Torres.

Respectfully submitted,

ARCHER & GREINER,
A Professional Corporation

*Attorneys for Robin Keller, Joseph Riotto, Diana Torres, and Kevin Perez*

By: */s/ Daniel J. DeFiglio*
John C. Connell
Daniel J. DeFiglio, Esq.

Dated: July 18, 2022